Com. of Pa. ex rel. Suess, Appellant, *v.* Suess.

Argued October 20, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUN-NINGHAM and BALDRIGE, JJ.

*Samuel Moyerman,* for appellant.

*Seymour M. Heilbron,* for appellee.

Opinion by Keller, J., January 30, 1931:

A careful review of the evidence in this record does not lead us to place much reliance on the testimony of the respondent, the appellee. He was flippant, evasive, contemptuous of the court and untruthful. He refused to answer questions which he should have answered; he failed to account for moneys which were received by him and deposited to his credit in bank; he divested himself of his property by gifts to his mother, and encumbered his real estate with a mortgage or mortgages in her favor. He was a plumbing and heating contractor; admitted that he kept books of account of his business but produced none in court. He had made report of his income for the year 1929 to the federal government but presented none of its figures for the enlightenment of the court. He had five accounts in three banks,—three checking and two savings accounts—in which there were large deposits and considerable withdrawals, some of which were not satisfactorily explained. The moneys to his credit in the Drexel Hill Title & Trust Co., between February 21, 1929 and January 23, 1930, amounted to $24,877.25. Checks against this fund were apparently drawn in the sum of $24,346.49. He produced a large batch of checks which, both he and his then attorney said, covered all these withdrawals, but, being summed up by this court they amount to only $11,905.24, leaving $12,-441.25 unaccounted for. The court below, after a

patient hearing, interfered with somewhat by the voluminous calendar to be disposed of, ordered him to pay his wife, the appellant, the sum of twenty-five dollars per week. He might with propriety have allowed her more. Had he awarded her $35 to $40 a week, we would not have interfered with it, as being unsupported by the evidence. But the lower court has a wide discretion in such matters and unless the amount awarded is, on the one hand, more than the law allows, or on the other, grossly inadequate, we will not interfere. The court may have been influenced by the business depression and inactivity in building, which it was testified had seriously affected respondent's current receipts and income; and the order is, of course, subject to increase or modification as circumstances permit or require. But in any event, the court is not bound in every instance to order a husband to pay to his wife, for her support, one-third of his net income. It may not order him to pay more than that, but may award her less. We are not satisfied that in the circumstances here present the judge who presided at the hearing abused the discretion committed to him in the amount of the award to the appellant.

But in view of the respondent's action in divesting himself of his property and placing it where it could not be conveniently reached or attached in case of his failure to obey the court's order, we are of opinion that he should have been required to enter bail absolute with legal security to be approved by the court in a sum sufficient to cover at least one full year's payments under the order.

We will accordingly modify the order, and remit the record with directions that the court below order and require the respondent, Herman O. Suess, to enter into a recognizance with legal security to be approved by that court, in the sum of thirteen hundred dollars,

conditioned for his faithful compliance with the order of court aforesaid, and that he be committed until the order as modified be complied with.

Costs on this appeal, and in the court below, to be paid by the respondent, Herman O. Suess.