Commonwealth ex rel., Appellant, *v.* Maroney.

Argued November 20, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*William A. Carr,* with him *Sidney L. Krauss,* for appellant.

*William T. Connor,* with him *John R. K. Scott,* for appellee.

OPINION BY PARKER, J., April 16, 1936:

An order was entered by the municipal court directing the defendant, Herbert J. Maroney, to pay the sum of $20 per week for the support of his wife, Anna M. Maroney, and she has appealed to this court, complaining that the allowance is grossly inadequate. We are of the opinion that incorrect principles were applied in determining the amount which the wife should receive.

The parties were married in 1920 and no children were born of this union, but each had a son by a former marriage. In 1924, the husband accused his wife of having illicit relations with their physician, whereupon the petitioner became incensed and left the common home. Later a reconciliation took place and they lived together for a short period. The wife asserted that the husband in 1925 told her to leave and go to Atlantic City and he would send her $200 a month. Shortly thereafter, the husband instituted an action in divorce alleging indignities to the person. The libel was later amended by withdrawing that charge and alleging in lieu thereof, a wilful and malicious desertion. The divorce proceeding dragged for several years, but in January, 1930, the divorce was refused and the libel dismissed. The defendant ceased to pay his wife the $200 a month when the divorce proceeding was terminated, and has paid her nothing since that time. There was a sharp contradiction between the testimony of the petitioner and defendant as to the material facts occurring after the termination of the divorce proceeding. The wife averred that she offered to return to her husband and he refused to receive her, and the defendant said that he offered to receive her at his home, but she did not return. While

the hearing was in progress the defendant filed another libel in divorce in Common Pleas Court No. 1 of Philadelphia County, where the proceeding is still pending. It was shown by the records of the company for which defendant worked that he was receiving a salary of $900 per month. He also had an interest in the company, but it did not pay any dividends for a year or more prior to the hearing. The appellant now contends that an allowance of $20 per week from a husband who is earning at least $900 per month is grossly inadequate and that she should receive at least $200 per month.

The lower court has a wide discretion in proceedings of this nature. If the amount awarded is not more than the law allows or grossly inadequate, we will not ordinarily interfere. "The court is not bound in every instance to order the husband to pay to his wife, for her support, one-third of his net income. It may not order him to pay more than that, but may award her less": Com. v. Suess, 100 Pa. Superior Ct. 437, 439.

The court below in its order said: "A divorce suit is now pending wherein the petitioner will undoubtedly make demand for alimony during the pendency of the divorce proceedings, the granting of which is not concluded by any order made in this case. Taking these facts into consideration, this court is of the opinion that an order of $20 a week upon the respondent is both adequate and fair under all the circumstances of this case." The record also discloses remarks by the court during the taking of testimony indicating that the amount to be allowed would be affected by the fact that an application might be made to the court of common pleas for alimony.

Since the creation of the municipal court that tribunal has exclusive jurisdiction of a proceeding such as that with which we are here concerned (Com. v. Sanders, 111 Pa. Superior Ct. 202, 207, 169 A. 470; Scott v.

Scott, 80 ibid. 141; Com. v. Brook, 93 ibid. 282) and consequently the wife is entitled to a decision upon the merits in that court, and if she is entitled to support, to have an allowance fixed regardless of the fact that a divorce action is pending in the court of common pleas and that an application might there be made for alimony. The wife instituted this action long prior to the divorce proceeding now pending and she did not make any application to the court of common pleas for alimony pendente lite. Consequently, it was for the municipal court to determine what, if any, allowance she should receive. If an application for alimony had been made and the common pleas court had made adequate order for support, a different question would be presented, but such is not the case.

The conclusion of the court below clearly indicates that it was of the opinion that petitioner was entitled to some allowance. The defendant failed to produce any testimony that would show that he had any fixed or unusual demands upon him that would reduce the available $900 a month of income which he might use for the support of himself and family, and the court has given no other adequate reason why it might not with propriety give to the wife a larger allowance. In fact, it has assigned as a reason for the small amount allowed, a proposition that is not tenable. We are all of the opinion that the cause should be remanded to the court below for such further action as it deems advisable to the end that an award shall be made uninfluenced by the fact that the petitioner might later present a petition to the court of common pleas for alimony pendente lite.

Judgment reversed and the record is remitted to the court below for further action not inconsistent with this opinion.