## Dicken v. Dicken

*Richard C. Snyder*, for libellant.

*Don C. Reiley*, for respondent.

WRIGHT, P. J., June 21, 1946.—Libellant sued for divorce from the bonds of matrimony. After filing an answer, respondent obtained a rule for counsel fees and alimony pendente lite. Libellant does not deny respondent's right to counsel fees but does contend that she is not entitled to alimony pendente lite because the court of quarter sessions in a prior proceeding refused to make an order for her support.

The question raised has never been squarely ruled by our appellate courts, and the only two lower court cases we have found are in direct conflict on the proposition. In Kingcaid v. Kingcaid, 12 Lehigh 318, the Court of Common Pleas of Lehigh County ruled that, in view of the refusal of the court of quarter sessions to grant support to the wife, the court of common pleas would not allow her alimony pendente lite. In Keeley v. Keeley, 9 D. & C. 406, the Court of Common Pleas of Delaware County ruled that the refusal of the court of quarter sessions to make an order of support did not prevent the wife from securing alimony pendente lite.

Support orders are granted by the court of quarter sessions under section 733 of the Penal Code of June 24, 1939, P. L. 872, which is substantially a reënactment of the Act of April 13, 1867, P. L. 78. We had occasion to pass upon this legislation in the case of In re Hen-

derson, 45 D. & C. 359. In divorce from the bonds of matrimony, alimony pendente lite is awarded by the court of common pleas under section 46 of The Divorce Law of May 2, 1929, P. L. 1237. It has been said that the purpose of an order for support is entirely different from that of the proceeding for alimony: Commonwealth ex rel. v. Mosey, 147 Pa. Superior Ct. 466, 470. We feel, however, that there is considerable similarity between the two proceedings because of the element of maintenance in each. The alimony proceeding is obviously the more inclusive, as one of its purposes, not considered in the support proceeding, is to take care of the wife's expenses in connection with the divorce litigation: Rutherford v. Rutherford, 152 Pa. Superior Ct. 517, 528.

Be that as it may, the Supreme Court has ruled that both orders may run concurrently: Heilbron v. Heilbron, 158 Pa. 297. In that case it was held that the existence of an order of support in the quarter sessions did not prevent the court of common pleas from decreeing alimony pendente lite. Conversely, an order for alimony pendente lite in the common pleas does not bar a subsequent support order in the quarter sessions: Commonwealth v. MacMaster, 88 Pa. Superior Ct. 37. Nor should support be refused because of the right to ask for alimony in a pending divorce suit: Commonwealth ex rel. v. Maroney, 121 Pa. Superior Ct. 489. In considering a situation substantially the reverse of ours, the Superior Court held in Commonwealth v. Scholl, 156 Pa. Superior Ct. 136, that the vacation of an award of alimony pendente lite did not bar the wife from obtaining a support order. For a criticism of the reasoning upon which the rule originally arose, see 2 Freedman on Marriage and Divorce, sec. 442.

From the foregoing analysis, we are clearly of the opinion that the refusal of the court of quarter sessions to grant support to the wife does not preclude her from

securing alimony pendente lite in a subsequent divorce proceeding in the court of common pleas. Hence the following

### Decree

Now, June 21, 1946, rule absolute, and respondent is awarded counsel fees together with alimony pendente lite in accordance with the stipulation of counsel filed at the time of argument.