COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

Bessie N. RANKIN.

Robert L. RANKIN, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE.

Nos. 12800, 12801.

United States Court of Appeals Third Circuit.

Argued April 7, 1959.

Decided Sept. 9, 1959.

John A. Reilly, Chester, Pa. (Edward D. McLaughlin, Chester, Pa., on the brief), for Robert L. Rankin.

Charles B. E. Freeman, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Attys., Dept. of Justice, Washington, D. C., on the brief), for Commissioner of Internal Revenue.

Lloyd Goman, Chester, Pa., for Bessie N. Rankin.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

KALODNER, Circuit Judge.

Does a "support and maintenance" order of a Quarter Sessions Court of Pennsylvania entered against a husband at his wife's instance, effect their "legal separation" under Pennsylvania law?

The question is presented by these petitions for review of decisions of the Tax Court of the United States which answered them in the negative. It arises by reason of the fact that applicable Federal revenue laws [1] provide that "pe-

---

[1] Sections 22(k) and 23(u) of the Internal Revenue Code of 1939 and Sections 71(a) and 215 of the Internal Revenue Code of 1954.

The provisions of the Sections cited are as follows:

Internal Revenue Code of 1939:

"§ 22. Gross Income.

\* \* \* \* \*

"(k) [as added by Section 120(a) of the Revenue Act of 1942, c. 619, 56 Stat. 798] *Alimony, etc., income.* In the case of a

wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such

riodic payments" to a wife "who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance" shall be includible in the wife's gross income and not that of the husband.

The facts, as stipulated and found by the Tax Court, may be summarized as follows:

Robert L. Rankin and Bessie N. Rankin were married on October 2, 1919. Bessie left Robert on August 16, 1951 and they have lived separate and apart since that date. They never entered into a separation agreement nor did either of them ever institute divorce proceedings. On October 19, 1951 Bessie instituted an action for support against Robert in the Court of Quarter Sessions of Delaware County, Pennsylvania, pursuant to the provisions of the Pennsylvania Act of June 24, 1939, P.L. 872 § 733, 18 P.S. § 4733. The Delaware County Court the same day ordered Robert to pay $125.00 weekly to Bessie for her support and maintenance.[2]

During the taxable years involved, 1952, 1953 and 1954, Robert made the payments ordered to Bessie and in his individual income tax returns for the years stated deducted them from his gross income. The Commissioner disallowed the deductions with respect to each year and his action was sustained by the Tax Court. Bessie, in her individual income tax returns for the years involved, did not include in her gross income the support payments made by Robert, but the Commissioner did. The Tax Court held that the support payments were includible in Robert's gross income and that the Commissioner erred in including them in Bessie's gross income.

Robert's petition for review relates to the Tax Court's decision in his case.[3] The Commissioner's protective petition for review of the Tax Court's decision in Bessie's case[4] was filed to protect the

---

divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. * * *" 26 U.S.C. 1952 ed., Sec. 22.

"§ 23. Deductions from gross income.
"In computing net income there shall be allowed as deductions:
 *     *     *     *     *
"(u) [as added by Section 120(b) of the Revenue Act of 1942, *supra*], *Alimony, etc., payments.* In the case of a husband described in section 22(k), amounts includible under section 22(k) in the gross income of his wife, payment of which is made within the husband's taxable year. If the amount of any such payment is, under section 22(k) or section 171, stated to be not includible in such husband's gross income, no deduction shall be allowed with respect to such payment under this subsection." 26 U.S.C. 1952 ed., Sec. 23.

Internal Revenue Code of 1954:
"§ 71. Alimony and separate maintenance payments.
"(a) General Rule.—
"(1) *Decree of divorce or separate maintenance.*—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation." 26 U.S.C. 1952 ed., Supp. II, Sec. 71.

"§ 215. Alimony, etc., payments.
"(a) *General Rule.*—In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682, the amount thereof is not includible in the husband's gross income." 26 U.S.C. 1952 ed., Supp. II, Sec. 215.

2. Commonwealth ex rel. Rankin v. Rankin, 1951, 39 Del.Co.R. 19, affirmed 1952, 170 Pa.Super. 570, 87 A.2d 799, allocatur refused by the Supreme Court of Pennsylvania, 170 Pa.Super. xxvi.

3. Robert L. Rankin v. Commissioner, T.C. Memo, 17 TCM 640 (1958).

4. Bessie N. Rankin v. Commissioner, T.C. Memo, 17 TCM 641 (1958).

revenue in the event this Court should reverse in Robert's case inasmuch as the support payments are necessarily taxable to Bessie if they are deductible by Robert.

The sum of Robert's contention here is that the Pennsylvania Quarter Sessions Court's Order effected a "legal separation" and constituted a "decree of separate maintenance" within the meaning of the applicable federal revenue laws. Its premise is that the Quarter Sessions Court, in granting the order, found that Bessie " * * * was justified in separating herself from her husband because of his mistreatment and abuse", and that it follows that the separation thereby became a "legal separation."

We cannot subscribe to Robert's contention.

As earlier stated, Bessie's action for support in the Delaware County Quarter Sessions Court was pursuant to the provisions of Section 733 of the Pennsylvania Penal Code of June 24, 1939.

■ The law is well-settled in Pennsylvania that in support actions under the Penal Code, and predecessor legislation, "Maintenance is the sole object of the act [Act]".[5] As was stated in Commonwealth ex rel. Rankin v. Rankin, 1952, 170 Pa.Super. 570, 572, 87 A.2d 799, 800, where the order of the Quarter Sessions Court was affirmed:

> "The function of a court in a proceeding for support such as this is * * * to fix an amount which is 'reasonable and proper for the comfortable support and maintenance of * * * [his] wife' ".

In Commonwealth v. George, 1948, 358 Pa. 118, 123, 56 A.2d 228, 231, the Supreme Court of Pennsylvania succinctly defined the sweep of Section 733 as follows:

> "The legislature intended Section 733, and prior statutes from which it

was derived, *to provide the method by which a wife* who has been wrongfully deserted by the husband or who has been deprived of support by the neglect of the husband, *could seek judicial assistance in securing a reasonable allowance for the support of herself and family. * * *"*
(Emphasis supplied.)

Section 733 is a "quasi-criminal statute", Commonwealth ex rel. O'Brien v. O'Brien, 1956, 182 Pa.Super. 584, 586, 128 A.2d 164 and a proceeding under it in the quarter sessions court is "quasi-criminal in nature", Commonwealth v. Shaffer, 1954, 175 Pa.Super. 100, 109, 103 A.2d 430, 435. In the latter case it was stressed that " * * * the obligation of a husband to support * * * is a liability imposed by law as an incident of the marital status" (175 Pa. Super. at page 108, 103 A.2d at page 434), and that "The Commonwealth has an interest in all support cases, if only to recapture a part of the large sum, said to amount to $200,000,000 a year, spent by the states in supporting deserted families."

■ In proceedings in quarter sessions courts in Pennsylvania under Section 733 the Commonwealth is the plaintiff at the relation of the wife seeking a support order and the wife is only a witness, albeit an interested one. The Section is "remedial in nature" and effectuates the public policy of the Commonwealth.

■ An exhaustive review of Pennsylvania cases establishes that Robert's contention that a support order of a quarter sessions court under Section 733 operates to effect a "legal separation" of spouses is utterly without basis. It may be noted parenthetically that Robert has failed to cite any Pennsylvania authority which even remotely supports his contention.

---

**5.** Carey v. Carey, 1904, 25 Pa.Super. 223, 224, decided under the Pennsylvania Act of April 13, 1867, P.L. 78. As was noted in Commonwealth ex rel. Pinkenson v. Pinkenson, 1948, 162 Pa.Super. 227, 229,

57 A.2d 720, 721, Section 733 of the 1939 Penal Code is " * * * in substance, a reenactment of the Act of April 13, 1867 * * * ".

■ ■ "Legal separation" of spouses may be effected in Pennsylvania by statutory enactment only by an absolute divorce from the bonds of matrimony—a vinculo matrimonii—or a divorce from bed and board—a mensa et thoro. Section 10 of The Divorce Law of Pennsylvania, Act of May 2, 1929, P.L. 1237, as amended by the Act of March 19, 1943, P.L. 21, § 1, 23 P.S. § 1 et seq. provides for absolute divorces; Section 11 of The Divorce Law for divorces from bed and board. A decree of absolute divorce terminates the husband's obligation to support a former spouse, Commonwealth v. Petrosky, 1951, 168 Pa.Super. 232, 241, 77 A.2d 647 while "A divorce from bed and board is no more than a judicial separation" in which the court may allow permanent alimony under Section 47 of The Divorce Law. McFarland v. McFarland, 1954, 176 Pa.Super. 342, 346, 107 A.2d 615, 617.

The Divorce Law, in Section 15, specifically provides that "the several courts of common pleas of this Commonwealth shall have original jurisdiction of cases of divorce from the bonds of matrimony, from bed and board, and in the annulment of marriages under the provisions of this act. * * *"

While Section 15 does not by its terms confer exclusive jurisdiction in divorce cases upon Pennsylvania's common pleas courts the exclusiveness of such jurisdiction has never been challenged. See 1 Goodrich-Amram Civil Practice, "Jurisdiction in Divorce Actions" §§ 1121–22, where it was said:

"Jurisdiction to grant divorces from the bonds of matrimony and from bed and board is vested exclusively in the courts of common pleas of the Commonwealth. * * *"

Moreover, in Pennsylvania, "The jurisdiction of the Court of Quarter Sessions 'is fixed by the common law and the statutes declaring its powers' * * *". Commonwealth v. Bertram, 1940, 143 Pa. Super. 1, 5, 16 A.2d 758, 760. The Pennsylvania Act of March 31, 1860, P.L. 427, § 32, 17 P.S. § 361 specifies the "Jurisdiction of quarter sessions" and the "powers of [its] judges". The jurisdiction conferred relates to "* * * all crimes, misdemeanors and offenses whatsoever against the laws of this commonwealth, which shall be triable in the respective county", excluding felonies, which are triable in Pennsylvania in its courts of oyer and terminer.

Pennsylvania courts have time and again emphasized the distinction between nonsupport proceedings under the Penal Code and "separation and support" cases, holding that jurisdiction as to the former was vested in quarter sessions courts [6] and as to the latter in common pleas courts.[7]

For example, it has long been settled in Pennsylvania that courts of quarter sessions cannot enforce husband and wife separation agreements and that a court of common pleas is the "proper forum" in such actions. Commonwealth ex rel. Kurniker v. Kurniker, 1929, 96 Pa.Super. 553, 556.

The line of demarcation between nonsupport cases under the Penal Code in quarter sessions courts and separate maintenance orders in divorce proceedings in common pleas courts is sharply drawn by the Pennsylvania decisions.

Thus in Commonwealth ex rel. Davidoff v. Davidoff, 1955, 178 Pa.Super. 549,

---

6. By statutory enactment Municipal Courts in Philadelphia and Allegheny Counties, Pennsylvania, exercise the jurisdiction in nonsupport cases vested in the quarter sessions courts in the Commonwealth's other sixty-five counties.

7. The Pennsylvania Act of May 23, 1907, P.L. 227 §§ 1, 2 as amended, 48 P.S. §§ 131, 132, provides that actions may be maintained in common pleas courts by a wife for suitable maintenance where her husband has separated himself from her without reasonable cause and has neglected or refused to support her, thereby in effect giving to the common pleas and quarter sessions courts concurrent jurisdiction in nonsupport cases, although such jurisdiction is only in rare cases exercised by the common pleas courts. Kemnitzer v. Kemnitzer, 1939, 335 Pa. 105, 108, 109, 6 A.2d 571.

551, 115 A.2d 892, 893, it was held that " * * * the fact that the wife has filed a complaint in divorce does not bar her right to support" by order of the Municipal Court of Philadelphia which exercises the jurisdiction conferred upon quarter sessions courts by the Penal Code of 1939 in other counties of the Commonwealth. To the same effect see Commonwealth ex rel. Maroney v. Maroney, 1935, 121 Pa.Super. 489, 184 A. 289.

Again, in Wick v. Wick, 1944, 155 Pa. Super. 528, 39 A.2d 304, it was stated that a wife could be awarded a support order in a proper case even though she was not entitled to a divorce from bed and board, which, as earlier pointed out, effects a "legal separation" in Pennsylvania under its Divorce Law.

In view of the foregoing we are of the opinion that the support order of the Quarter Sessions Court of Delaware County did not effect a "legal separation" as to Robert and Bessie under the provisions of the applicable federal revenue laws. The requirements of the latter that the parties be "divorced or legally separated * * * under a decree of divorce or of separate maintenance" were not present in the instant situation.

In George D. Wick v. Commissioner, 1946, 7 T.C. 723, it was held by the Tax

Court of the United States that even payments to a wife for her support as alimony *pendente lite* under an order of a Pennsylvania common pleas court in a pending divorce a mensa et thoro proceeding did not satisfy the requirements of Sections 22(k) and 23(u) of the Internal Revenue Code of 1939 that the payments be made "under a decree of separate maintenance". The rationale of the Tax Court's ruling was that the alimony payments had been made prior to the granting of the a mensa et thoro divorce decree and that only the latter could effect a legal "separation" of the husband and wife. We affirmed per curiam, 3 Cir., 1947, 161 F.2d 732.[8]

It must be noted parenthetically that we are not concerned here with the impact of the enlarged alimony provisions, Section 71(a)(3) of the Internal Revenue Code of 1954 which relate to payments "of support or maintenance" "under a decree entered after March 1, 1954". We are not here required to construe the section cited with respect to its impact on support orders of quarter sessions courts in Pennsylvania under the Penal Code in view of the fact that the order in the instant situation was entered on October 19, 1951.

For the reasons stated the decisions of the Tax Court will be affirmed.

---

8. In Frank J. Kalchthaler, 1946, 7 T.C. 625, at page 629, where the issue was identical with that present here, it was said:

"In Pennsylvania jurisdiction over a proceeding for legal separation lies in courts of common pleas. See Title 23— Divorce—par. 15, Purdon's Pennsylvania Statutes Annotated, p. 268; see also Commonwealth v. Scholl [156 Pa.Super. 136], 39 A.2d 719; and Rutherford v. Rutherford [152 Pa.Super. 517], 32 A.2d 921.

"The support order here in question was not issued by a court of common pleas, but was issued by a quarter sessions court. It was not a decree of legal separation with support, but was only a

support order. The payments which petitioner made to his wife in the taxable year were made under an order or decree of separate maintenance, which does not come within section 22(k) because, although it made an allowance to his wife for her separate maintenance, the status under Pennsylvania law of petitioner and his wife was that he was living apart from his wife, and she was not legally separated from him. Since the wife was not legally separated from petitioner, the sums paid to her are not includible in her gross income under section 22(k). It follows that petitioner is not entitled to the deduction claimed under section 23(u) * * *."