Ted Lloyd v. Commissioner.
Lloyd v. Commissioner
Docket No. 79653.
United States Tax Court
T.C. Memo 1961-172; 1961 Tax Ct. Memo LEXIS 179; 20 T.C.M. (CCH) 884; T.C.M. (RIA) 61172; June 14, 1961
*179 Petitioner (husband) was ordered by a New York court to pay temporary alimony pendente lite during the pendency of his wife's action for separation. Subsequently, said court decreed the separation of the parties and included in said decree a money judgment against petitioner for arrearages in alimony pendente lite which had accumulated under the temporary order. Petitioner then paid his wife the amount so decreed. Held, such amount was a payment of alimony pendente lite and not deductible by petitioner under the provisions of sections 22(k) and 23(u), I.R.C. of 1939. Marvin Schacher, Esq., for the petitioner. Norman L. Rapkin, Esq., for the respondent. FORRESTER
Memorandum Opinion FORRESTER, Judge: Respondent has determined a deficiency of $2,761.32 in the income tax of petitioner for the calendar year 1953. Because of a concession by petitioner the only issue remaining is whether petitioner's payment of arrearages of $5,837.50 in alimony pendente lite, which amount was also included in a decree of legal separation, entitles petitioner to a deduction under sections 22(k) and 23(u), Internal Revenue Code of 1939. [1]
*180 The facts are all stipulated and may be stated quite briefly. Petitioner and Esther Ralston (hereinafter called Esther) were married on or about August 6, 1939. In 1951 Esther instituted an action for separation from and against petitioner in the Supreme Court of the State of New York, County of Nassau. On January 23, 1952, said court entered an order awarding Esther temporary alimony in the amount of $100 per week pendente lite commencing December 26, 1951. On May 22, 1953, the Supreme Court of the State of New York, County of Nassau, entered a final separation decree in this action. During the period December 26, 1951, to May 4, 1953, petitioner fell into arrears with respect to the temporary alimony payments ordered on January 23, 1952. As of May 4, 1953, said arrearages amounted to $5,837.50. Under the final separation decree the court ordered, adjudged and decreed, in part, as follows: ORDERED, ADJUDGED AND DECREED that the defendant pay to the plaintiff the sum of Sixty-two and 50/100 ($62.50) Dollars per week as and for her support and maintenance and for the support, maintenance and education of Judith Louise Lloyd and Theodore Allen Lloyd, Jr., the children of *181 the said marriage, and that such payments be made on the first day of each week, beginning with the 4th day of May, 1953, * * * and it is further ORDERED, ADJUDGED AND DECREED that the plaintiff recover from the defendant a money judgment in the sum of Five Thousand Eight Hundred Thirty-Seven and 50/100 ($5,837.50) Dollars arrearage of alimony pendente lite and that plaintiff have execution therefor. During the year 1953 and subsequent to May 22, 1953, petitioner paid said sum of $5,837.50 to Esther. Petitioner filed an individual Federal income tax return for the year 1953 with the district director of internal revenue, Upper Manhattan, New York, on which he deducted said payment, inter alia, as "alimony." Petitioner seeks to sustain this deduction under the pertinent provisions of sections 22(k) and 23(u). [2]
*182 Petitioner's entire argument is that he did not and would not make any pendente lite payments under the court order of January 23, 1952, [3] until he was ordered to do so by the Decree of Separation dated May 22, 1953; that the later "final decree eliminates and does away with all pendente lite orders," and that the descriptive words of the final decree, "arrearage of alimony pendente lite," are superfluous and to be ignored. Petitioner concludes that the final decree "merely orders that [petitioner] pay the sum of $5,837.50, and having paid the same * * * [he] is entitled to tax deduction." Petitioner cites no authorities in support of these surprising conclusions. It is quite clear that the usual timely payment of alimony pendente lite made under a decree entered prior to March 1, 1954, (the effective date of section 71(a)(3), Internal Revenue Code of 1954) is not made pursuant to the type of decree specified *183 in section 22(k) and is therefore not deductible to the husband. In George D. Wick, 7 T.C. 723, affd. per curiam 161 F. 2d 732, we said: (p. 728) Petitioner was still obligated to support his wife, no decree of divorce of any kind having been entered, by virtue of his obligations under his marriage contract. Section 22(k) relates to "alimony." From a careful reading of the language it is apparent that the Congress did not intend to include under this section any payment which may be called "alimony." The payments involved here were "alimony pendente lite," but such payments are not provided for nor described in section 22(k). They were payments pending a suit for a divorce. * * * See also Commissioner v. Rankin, 270 F. 2d 160, affirming two Memorandum Opinions of this Court; Frank J. Kalchthaler, 7 T.C. 625; Charles L. Brown, 7 T.C. 715; and Robert A. McKinney, 16 T.C. 916. We are inclined to agree with petitioner that some part of the court's decree of May 22, 1953, was superfluous, but it was not the descriptive phrase indicated by petitioner. There can be no doubt that Esther had a valid, enforceable *184 obligation against petitioner under the court's order of January 23, 1952, and that it would have remained so even if the entire paragraph dealing with petitioner's arrearages had been eliminated from the 1953 decree. Petitioner is in fact on the horns of a dilemma. If the descriptive words of which he complains were eliminated, the 1953 decree would then describe a lump-sum payment, for it would read: it is further ORDERED, ADJUDGED AND DECREED that the plaintiff recover from the defendant a money judgment in the sum of * * * $5,837.50 * * * and that plaintiff have execution therefor. Nor does petitioner argue that this $5,837.50 is in any way a part of the periodic alimony of $62.50 per week ordered by the same decree. That such a lump-sum payment would be nondeductible to petitioner is beyond question. Ralph Norton, 16 T.C. 1216, affd. 192 F. 2d 960 (C.A. 8); Joseph D. Fox, 14 T.C. 1131. The other horn of petitioner's dilemma is that the 1953 decree did exactly characterize the $5,837.50 for what it was, "arrearage of alimony pendente lite," nondeductible under the rule of the first cited cases. Decision will be entered for the *185 respondent. Footnotes
1. Unless otherwise noted, all Code references are to the Internal Revenue Code of 1939.↩
2. SEC. 22. GROSS INCOME. (k) Alimony, Etc., Income. - In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments * * * received subsequent to such decree in discharge of, * * * a legal obligation which * * * is imposed upon or incurred by such husband under such decree * * * shall be includible in the gross income of such wife, * * * SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: * * *
(u) Alimony, Etc., Payments. - In the case of a husband described in section 22(k), amounts includible under section 22(k)↩ in the gross income of his wife, payment of which is made within the husband's taxable year. * * *
3. The stipulated facts belie this statement for a total of about $7,000 would have accumulated under such order between December 26, 1951, and May 4, 1953, but it is stipulated that petitioner's arrearages for such period amounted to $5,837.50.↩