Dolores M. HULICK, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 122, Docket 29905.

United States Court of Appeals
Second Circuit.

Argued Jan. 27, 1966.

Decided March 8, 1966.

Dolores M. Hulick, pro se.

Robert I. Waxman, Department of Justice, Washington, D. C. (Richard M. Roberts, Acting Asst. Atty. Gen., Lee A. Jackson, Gilbert E. Andrews, Department of Justice, Washington, D. C.), for respondent.

Before FRIENDLY and HAYS, Circuit Judges, and BLUMENFELD, District Judge.*

PER CURIAM:

Dolores M. Hulick petitions for review of a decision of the Tax Court, Withey, Judge (T. C. Memo 1964-300) (unreported), confirming petitioner's income tax deficiency for the year 1960.

 The Commissioner disallowed as a deduction the sum of $600.00 paid by the petitioner as expenses for the care of a dependent child in order that the petitioner might be gainfully employed. A married woman seeking such a deduction must file a joint return. Since Mrs. Hulick admittedly filed an individual return, the sole question was whether during 1960 she was married to her husband. The provision which allows the deduction carries its own definition for the determination of the taxpayer's marital status: "A woman shall not be considered as married if she is legally separated from her spouse under a decree of divorce or of separate maintenance at the close of the taxable year." Int.Rev.Code of 1954, § 214(c) (3) (26 U.S.C. § 214) (1958).

We agree with the court below that an order of the Municipal Court for the District of Columbia granting custody of her child and an award of maintenance for herself and minor child against her husband did not effect a legal separation from her spouse under a decree of divorce or of separate maintenance. Although she did obtain a divorce in 1961, she was still married to her husband in 1960. Cf. West v. Commissioner of Internal Revenue, 131 F.2d 46, 47 (9th Cir. 1942).

If the consequences of the situation in which she found herself were burdensome, as indicated by Congress' later amendment of the definition of a woman "not to be considered as married" to include any woman deserted by her husband and who has applied to a court for support, they were, nevertheless, irremediable. The act provides that the amendment shall apply only with respect to taxable years ending after the date of its enactment. Int.Rev.Code of 1954, § 214 (c)(3), as amended, 77 Stat. 4 (Pub.L. 88–4) (1963).

Nor can we heed the petitioner's appeal to do equity. "[A]llowance of deductions from gross income does not turn on general equitable considerations. It 'depends upon legislative grace; and only as there is clear provision therefor can any particular deduction be allowed.'" Deputy v. duPont, 308 U.S. 488, 493, 60 S.Ct. 363, 366, 84 L.Ed. 416 (1940); United States v. Olympic Radio & Television Inc., 349 U.S. 232, 235–236, 75 S.Ct. 733, 99 L.Ed. 1024 (1955).

Affirmed.