Barbara Linsey Rogers v. Commissioner.
Rogers v. Commissioner
Docket No. 6083-65.
United States Tax Court
T.C. Memo 1967-179; 1967 Tax Ct. Memo LEXIS 80; 26 T.C.M. (CCH) 875; T.C.M. (RIA) 67179; August 31, 1967
*80 Held, that the petitioner, a married woman who did not obtain a divorce until after the close of the taxable year 1963 is to be considered as married during such taxable year within the meaning of section 214 of the Internal Revenue Code of 1954, despite the fact that she had filed suit for such divorce in 1962, had voluntarily separated from her husband in 1962 pursuant to a written agreement, and had obtained a support order against him in 1963. Accordingly, the petitioner is not entitled to deduct child-care expenses under section 214 because she failed to file a joint return with her husband for the taxable year 1963. Barbara Linsey Rogers, pro se, 1034 W. 28th St., Erie, Pa. D. Alden Newland, for the respondent. ATKINS
Memorandum Opinion ATKINS, Judge: The respondent determined an income tax deficiency in the amount of $107.90 for the taxable year 1963. The issue is whether the petitioner is entitled to a deduction for the taxable year 1963 for child-care expenses under section 214 of the Internal Revenue Code of 1954. All of the facts have been stipulated and the stipulations are incorporated herein by this reference. The petitioner's legal residence at the time the petition *81 was filed herein was Erie, Pennsylvania. She filed a separate Federal income tax return for the taxable year 1963 with the district director of internal revenue, Pittsburgh, Pennsylvania. During the entire taxable year 1963 the petitioner was married to Ralph William Rogers. They are the parents of three children, all of whom were under 12 years of age in the taxable year 1963. Petitioner and Rogers voluntarily separated sometime during the year 1962. On October 17, 1962, they executed a written agreement in which it was recited that the petitioner had commenced a divorce action against Rogers, and in which it was agreed, among other things, that petitioner was to have custody of the children, that Rogers was to pay her $30 per week for their support, that he should have rights of reasonable visitation with the children, that he was to pay outstanding debts which were jointly incurred during the marriage and that the petitioner was not to charge any future bills to him. The petitioner filed suit for an absolute divorce in the Court of Common Pleas of Erie County, Pennsylvania, at the November 1962 term of such court. Petitioner applied to the Court of Quarter Sessions of Erie County, *82 Pennsylvania, a criminal court, for process to compel Rogers to pay support for their children. On July 5, 1963, such court, in an action titled Commonwealth v. Ralph Rogers, entered an order requiring Rogers to pay Barbara Linsey Rogers $33 per week for the support of the children, after a hearing on the nonsupport charge attended by both the petitioner and Rogers. On February 17, 1964, the Common Pleas Court of Erie County issued a decree divorcing the petitioner from Rogers. During the taxable year 1963 the petitioner paid a Mrs. Duncan over $600 for baby-sitting with petitioner's dependent minor children while the petitioner was at work. During the entire year 1963 Rogers was in good health and capable of self-support. During such entire year the petitioner knew his residence and the name and address of his employer. She knew his whereabouts at the time she filed her Federal income tax return for the taxable year 1963. The deficiency determined by the respondent resulted from his disallowance of a deduction of $600 claimed by the petitioner on her separate return for the taxable year 1963 under section 214 of the Code [1] *84 for expenses incurred by her for the care of her children. *83 The respondent's position is that the petitioner *85 was a married woman during the taxable year 1963 and that since she filed a separate return for the taxable year, instead of filing a joint return with her husband, the expenses incurred by her for the care of her dependent children are not allowable as a deduction in view of the specific provision of section 241(b)(2)(A) that such a deduction shall not be allowed in the case of a woman who is married unless she files a joint return with her husband for the taxable year involved. He contends that since the petitioner's decree of divorce was not entered until February 17, 1964, and that since there had been no decree of separate maintenance at the close of the taxable year, the petitioner does not come within the provisions of sections 214(c)(3)(A). The petitioner contends that she should not be considered as a married woman for purposes of section 214. Rather, she claims that under the circumstances here involved it should be considered that she was legally separated from her spouse within the purview of section 214(c)(3)(A), [2] *86 and that therefore it was not necessary, in order to be entitled to the deduction, that she file a joint return with Rogers. Section 214(c)(3)(A) provides that a woman shall not be considered as married if she is legally separated from her spouse under a decree of divorce or of separate maintenance at the close of the taxable year. It is clear that in Pennsylvania a legal separation of spouses can be effected only by an absolute divorce or by a divorce from bed and board under section 10 or 11, respectively, of Title 23, Purdon's Penna. Statutes Annotated; that jurisdiction to grant such divorces is vested exclusively in Pennsylvania's common pleas courts; and that a support order of a quarter sessions court does not effect a legal separation of spouses. See Commissioner v. Rankin, (C.A. 3) 270 F. 2d 160, affirming a Memorandum Opinion of this Court. The petitioner recognizes that such is the law of Pennsylvania, but, nevertheless, contends that we should hold that she was legally separated from her spouse as a result of the written agreement she entered into with her husband on October 17, 1962, claiming that the support order of the court of quarter sessions entered July 5, 1963, lent a certain validity to *87 such agreement. She in effect contends that adherence to the literal language of the statute would subject her to hardship. She states that she did all she could under the laws of Pennsylvania in her effort to effect a legal separation from her spouse, having in 1962 entered into the agreement with her husband, and having filed in the common pleas court an action for divorce and in 1963 having applied to the court of quarter sessions for a support order. She further states that having filed divorce proceedings in the court of common pleas, she was precluded from obtaining from such court a decree of separate maintenance. In her petition she also states that she was unwilling to file a joint return with her husband and thereby assume an unknown liability. We are not insensitive to the petitioner's equitable plea. However, we must adhere to the statute as enacted by Congress. As stated in Hulick v. Commissioner, (C.A. 2) 357 F. 2d 329, affirming a Memorandum Opinion of this Court, which also involved the interpretation of section 214(c)(3) of the Code: Nor can we heed the petitioner's appeal to do equity. "Allowance of deductions from gross income does not turn on general equitable *88 considerations. It 'depends upon legislative grace; and only as there is clear provision therefor can any particular deduction be allowed.'" Deputy v. duPont, 308 U.S. 488, 493, 60 S. Ct. 363, 84 L. Ed. 416 (1940); United States v. Olympic Radio & Television Inc.349 U.S. 232, 235-236, 75 S. Ct. 733, 99 L. Ed. 1024 (1955). We have carefully examined the Congressional committee reports which the petitioner contends evidence a liberal attitude of Congress with respect to the deductibility of child-care expenses. [3] However, we find nothing therein to indicate that Congress intended that a legal separation could be effected, for purposes of section 214(c)(3)(A), in any manner other than the manner stated in the statute, namely, by a decree of divorce or of separate maintenance. Since this requirement of the statute was not met, we are constrained to approve the respondent's denial of the deduction claimed by the petitioner. [4] *89 Decision will be entered for the respondent. Footnotes
1. During the taxable year 1963 section 214 provided as follows: SEC. 214. EXPENSES FOR CARE OF CERTAIN DEPENDENTS. (a) General Rule. - There shall be allowed as a deduction expenses paid during the taxable year by a taxpayer who is a woman or a widower for the care of one or more dependents (as defined in subsection (c)(1)), but only if such care is for the purpose of enabling the taxpayer to be gainfully employed. (b) Limitations. - (1) In general. - The deduction under subsection (a) - (A) shall not exceed $600 for any taxable year; and (B) shall not apply to any amount paid to an individual with respect to whom the taxpayer is allowed for his taxable year a deduction under section 151 (relating to deductions for personal exemptions). (2) Working wives. - In the case of a woman who is married, the deduction under subsection (a) - (A) shall not be allowed unless she files a joint return with her husband for the taxable year, and (B) shall be reduced by the amount (if any) by which the adjusted gross income of the taxpayer and her spouse exceeds $4,500. This paragraph shall not apply if the taxpayer's husband is incapable of self-support because mentally or physically defective. (c) Definitions. - For purposes of this section - (1) Dependent. - The term "dependent" means a person with respect to whom the taxpayer is entitled to an exemption under section 151(e)(1) - (A) who has not attained the age of 12 years and who (within the meaning of section 152) is a son, stepson, daughter, or stepdaughter of the taxpayer; or (B) who is physically or mentally incapable of caring for himself. (2) Widower. - The term "widower" includes an unmarried individual who is legally separated from his spouse under a decree of divorce or of separate maintenance. (3) Determination of status. - A woman shall not be considered as married if (A) she is legally separated from her spouse under a decree of divorce or of separate maintenance at the close of the taxable year, or (B) she has been deserted by her husband, does not know his whereabouts (and has not known his whereabouts at any time during the taxable year), and has applied to a court of competent jurisdiction for appropriate process to compel him to pay support or otherwise to comply with the law or a judicial order, as determined under regulations of the Secretary or his delegate.↩
2. It appears that the instant case does not meet the requirements of section 214(c)(3)(B)↩, and the petitioner does not rely upon it.
3. S. Rept. No. 1662, 83d Cong., 2d Sess., pp. 35-36, 220-221; Conference Rept., 83d Cong., 2d Sess., p. 31; and S. Rept. No. 69, 88th Cong., 1st Sess., p. 2. ↩
4. The petitioner on brief complains that section 214 imposes too onerous a burden in requiring a married woman in her circumstances to file a joint return with her husband in order to obtain a child-care deduction; she states that such section discriminates against a person in her position as compared to a woman who has been deserted; and further states that there is no logic to the requirements of section 214(c)(3)(A)↩ as compared with the provisions of sections 215 and 71 of the Code which provide that a husband may deduct certain periodic payments made to his wife merely pursuant to a written separation agreement or a support order, even though there has been no decree of divorce or of separate maintenance. Only Congress, of course, can remedy any inequities which may exist in the statute.