STEPHEN VALENTINE, III, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Valentine v. Commissioner
Docket No. 925-72.
United States Tax Court
T.C. Memo 1973-264; 1973 Tax Ct. Memo LEXIS 23; 32 T.C.M. (CCH) 1246; T.C.M. (RIA) 73264; December 3, 1973, Filed. *23 Petitioner was married on June 3, 1967, and he remained married throughout 1969. During 1969 petitioner's five children lived with him and he paid $1,166.97 to three women who cared for his children. On his 1969 income tax return petitioner deducted $600 of these payments under section 214, IRC 1954. Petitioner contends that respondent's denial of this deduction to him violates the Fifth Amendment. Held: That even if the benefits of section 214 should be extended to men and women equally, petitioner would not qualify for the claimed deduction because he was married during the year in question, but he did not file a joint return as required by section 214. Carl R. Burns, for the petitioner. John O. Tannenbaum, for the respondent. IRWIN
MEMORANDUM OPINION. IRWIN, Judge: Respondent determined a deficiency of $413.36 in petitioner's income tax for the calendar year 1969. 2 Petitioner having conceded respondent's disallowance of part of a claimed alimony deduction to be proper, the only issue remaining is whether petitioner was entitled to a deduction for care of his children under section 214. [1]
*24 The facts of this case have been fully stipulated and are so found. Stephen Valentine, III (hereinafter referred to as petitioner) a resident of New Canaan, Conn., filed his Federal income tax return for the calendar year 1969 as a married taxpayer filing a separate return with the district director of internal revenue, Hartford, Conn.
Petitioner and Margaret Hussey Valentine were married on June 3, 1967. In September 1968 petitioner and Mrs. Valentine separated and shortly thereafter Mrs. Valentine commenced action for divorce. After their separation petitioner and Mrs. Valentine remained apart. From January 1, 1969, to May 26, 1969, petitioner made voluntary payments to Mrs. Valentine which totaled $400. By an order dated May 26, 1969, the Connecticut Superior Court directed petitioner to pay temporary alimony to Mrs. Valentine of $60 per week. That order was retroactive to May 16, 1969. During 1969 petitioner's five children by a previous marriage resided with him. Petitioner made cash payments totaling $1,166.97 to three separate women who cared for his children. 3 Because the women cared for his children petitioner was able to work. The parties agree that *25 petitioner was entitled to dependency exemptions for the children. No decree of divorce or of separate maintenance was granted to petitioner or Mrs. Valentine during 1969. During 1969 Mrs.Valentine was not institutionalized, nor was she mentally or physically incapacitated. The deficiency determined by respondent resulted from his disallowance of a deduction of $600 claimed by petitioner under section 214 for the care of his children. The respondent's position is that a male taxpayer is only entitled to a deduction under section 214, as effective in the year 1969, if he is a widower or husband whose wife is incapacitated or institutionalized. Respondent then asserts that because petitioner, a male, does not come within any of the above categories he is not entitled to the claimed deduction. Petitioner does not challenge respondent's reading of the statute. Instead, he contends that section 214 discriminates on the basis of sex and is thusly violative of petitioner's right of due process under the Fifth Amendment to the Constitution of the United States. Petitioner then argues that in order to correct the constitutional defect he must be allowed the same deduction that *26 a female in similar circumstances would receive. 4 In answering petitioner's contention respondent makes two points. First, he cites numerous cases for the proposition that "whether and to what extent deductions shall be allowed depends upon legislative grace; and only as there is clear provision therefor can any particular deduction be allowed." Secondly, respondent makes the argument that even if petitioner were afforded the same treatment as a female, he would not be entitled to the deduction because petitioner, a married taxpayer, did not file a joint return, as required by section 214. It is well established, as respondent argues, that deductions are a matter of legislative grace. New Colonial Ice v. Helvering, 292 U.S. 435 (1934). It does not follow, however, that this Court is without power to review provisions of the Internal Revenue Code which are questioned on the basis of violation of due process. Vivien Kellems, 58 T.C. 556 (1972), affd. 474 F.2d 1399 (C.A. 2, 1973). In the present case, though, we need not reach the issue of whether section 214 violates the due process clause because even if the benefits of that section *27 should be extended to men and women equally, petitioner would not be entitled to the deduction. William C. Smail, 60 T.C. (August 22, 1973). For a married taxpayer to be entitled to a deduction under section 214 a joint income tax return must be filed. That requirement is equally applicable to both male [2] and female 5 taxpayers. Hulick v. Commissioner, 357 F.2d 329 (C.A. 2, 1966), affirming a memorandum opinion of this Court; Jean L. Conti Price, 34 T.C. 163 (1960). In the present case petitioner concedes that he and Mrs. Valentine remained married in 1969.He does not claim to have been a "widower" within the meaning of section 214(d) (2) during 1969 because petitioner agrees that no decree of divorce or separate maintenance was granted during 1969. Although an order for temporary alimony was issued by the Connecticut Superior Court during 1969, it is well established that an order for temporary alimony is neither a decree of divorce nor a decree of separate maintenance. England v. England, 138 Conn. 410, 85 A.2d 483 (1951); Hiss v. Hiss, 135 Conn. 33364 A.2d 173 (1949); *28 Hulick v. Commissioner, supra.
Therefore, even if we were to give petitioner equal treatment with a female taxpayer, he would not be entitled to the claimed deduction because he was married, yet he did not file a joint return with his wife. Accordingly, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All references to section 214↩, however, are to that section prior to its amendment by P.L. 92-178, sec. 210. 2. See Alvin J. Linton, T. C. Memo. 1971-19↩.