FRANCIS A. MURACCA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Muracca v. Commissioner
Docket No. 11839-78.
United States Tax Court
T.C. Memo 1980-91; 1980 Tax Ct. Memo LEXIS 495; 40 T.C.M. (CCH) 3; T.C.M. (RIA) 80091; March 25, 1980, Filed *495 Petitioner was separated from his wife. A Pennsylvania Court of Common Pleas entered an order providing petitioner pay alimony pendente lite, child support, and preliminary counsel fees and expenses. Held, an order to make payments of alimony pendente lite is not a decree of maintenance. Held further, petitioner is married for the purpose of sec. 1, I.R.C. 1954. Francis A. Muracca, pro *496 se. Michael A. Yost, Jr., for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Judge: Respondent, on September 21, 1978, issued a statutory notice in which he determined a deficiency in petitioner's Federal income taxes for the calendar years 1973 and 1974 in the respective amounts of $1,060.47 and $2,011.44, and additions to tax under section 6653(a), I.R.C. 1954, in the respective amounts of $53.02 and $100.57. After concessions the only remaining issue is whether petitioner is entitled to the filing status of head of household under section 2(b). This case was submitted under Rule 122, Tax Court Rules of Practice and Procedure. Therefore, all the facts have been stipulated and are so found. The stipulation of facts, and the exhibits attached thereto, are incorporated herein by this reference. Petitioner, Francis A. Muracca, apparently resided in Pittsburgh, Pennsylvania at the time of filing the petition herein. Petitioner filed individual income tax returns with the Philadelphia Service Center, Philadelphia, Pennsylvania for each of the years 1973 and 1974. During the years in issue petitioner practiced law in Pittsburgh, Pennsylvania. *497 Petitioner married Camille V. Muracca (Mrs. Muracca) on August 3, 1955. On July 17, 1968 she instituted an action against petitioner for bed and board divorce in the Court of Common Pleas of Allegheny County, Pennsylvania. No final decree of divorce from bed and board was ever entered in the aforesaid proceeding. Neither Mrs. Muracca nor petitioner has instituted any other divorce action. On June 19, 1969, pursuant to the divorce action, the Court of Common Pleas entered an order providing for alimony pendente lite, child support, and preliminary counsel fees and expenses pending further order of the court. Petitioner made payments of alimony and child support to Mrs. Muracca in consideration of the order of the court dated June 19, 1969 during the years 1973 and 1974. The payments totalled $7,858.06 in 1973 and $5,553.00 in 1974. The excess in payments for 1973 was due to arrearages. During these years Mrs. Muracca did not reside with petitioner, but lived at a separate residence. The issue is whether petitioner was not married within the meaning of section 2(b)(2)(B) during calandar years 1973 and 1974. Respondent concedes that, if petitioner meets the definition of *498 not married, then he is entitled to compute his tax under section 1(b) head of household rates. Petitioner satisfies section 2(b) if he is legally separated from his spouse under a decree of divorce or of separate maintenance. Section 2(b)(2)(B). Petitioner has not been legally separated by decree of divorce. Therefore, petitioner must have been legally separated under a decree of separate maintenance to qualify as a head of household. Whether petitioner is legally separated for the purposes of tax law is determined by the domestic law of Pennsylvania, where he was domiciled during the years in issue. Deyoe v. Commissioner, 66 T.C. 904, 913 (1976). Petitioner argues that an order from the Court of Common Pleas, providing for alimony pendente lite, child support and preliminary counsel fees, constitutes a decree of separate maintenance under Pennsylvania law. Wick v. Commissioner, 7 T.C. 723 (1946), affd. 161 F.2d 732 (3rd Cir. 1947), held that an order of alimony pendente lite entered pursuant to an action for bed and board divorce was not a legal separation under Pennsylvania law. Accordingly, the court found the petitioner *499 was not legally separated under decree of separate maintenance within the meaning of section 22(k), I.R.C. 1939 (the alimony provision). The pertinent language of sections 22(k), now section 71(a)(1) and section 2(b)(2)(B), the section here in issue, is virtually identical. [1]
Petitioner argues that because Wick v. Commissioner, supra, involved a different Code section it is distinguishable. We are not prepared to make such a distinction. The provisions are in pari materia and should be construed in the same manner. In Rankin v. Commissioner, 270 F.2d 160 (3rd Cir. 1959), affirming a Memorandum Opinion of this Court, [2] the Third Circuit *500 found that a legal separation was effective in Pennsylvania only by an absolute divorce or a bed and board divorce. Rankin v. Commissioner, supra at 163. Petitioner argues that, because bed and board divorces are no longer constitutional in Pennsylvania, an order of alimony pendente lite should be treated as a decree of separate maintenance.[3] We reject this argument. Petitioner has failed to present any cases or statutes that would establish that the status of an order of alimony pendente lite has changed so as now to effect a legal separation under a decree of separate maintenance. *501 The order in the instant case did not direct petitioner and his wife to live apart; nor did it legally separate them in any other manner. While petitioner was in fact separated from his wife, that separation was not by reason of a court decree. See Boettiger v. Commissioner, 31 T.C. 477, 483 (1958). Following the reasoning expressed in Wick v. Commissioner, supra, and Rankin v. Commissioner, supra, we find that an order of alimony pendente lite is not a decree of separate maintenance under Pennsylvania law. To reflect our decision herein and concessions made by the parties on other issues, Decision will be entered under Rule 155. Footnotes
1. Sec. 22(k) read, in part, as follows: (k) ALIMONY, ETC., INCOME.--In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments * * *. Sec. 2(b)(2) provides in pertinent part: (2) Determination of Status.--For purposes of this subsection-- * * *
(B) an individual who is legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married * * *.↩
2. T.C. Memo. 1958-118↩. 3. An action for divorce from bed and board and the statutory provision for alimony pendente lite was held invalid in Pennsylvania as violative of the Equal Rights Amendment of the Pennsylvania Constitution. Corso v. Corso, 59 Pa. D. & C.2d 546 (Allegheny County, 1972); see also Wiegand v. Wiegand, 226 Pa. Super. Ct. 278 (1973). In Corso↩, it was held however that actions for divorce from bed and board prior to the effective date of the Equal Rights Amendment (May 18, 1971), such as the divorce action in this case, can be proceeded with and decrees theretofore granted remain unimpaired.