## Wilson v. Garland, Appellant, et al.

*Appeals—Interlocutory judgment—Vacation of appointment of receiver—Jurisdiction—Act of March 5, 1925, P. L. 23.*

1. The refusal of a court to vacate proceedings for want of jurisdiction is an interlocutory judgment, and no appeal lies therefrom unless especially conferred by statute.

2. The Act of March 5, 1925, P. L. 23, provides for a preliminary determination of questions of jurisdiction in courts of first instance, and an appeal from a judgment entered on such questions; it is not designed to cover generally all judgments on questions of jurisdiction, but must be confined to such as are provided for by the act, i. e. those entered in preliminary proceedings.

3. The purpose of the statute is to afford a speedy means of securing a final determination of jurisdictional matters in limine, before inquiring into the merits of the case, but it does not apply to a decree dismissing a petition to vacate an order appointing a receiver, on the ground that the court did not have jurisdiction to make the appointment, in a case where the appeal was not taken until five years from the date of the order. ·.

Argued September 29, 1926.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 66, March T., 1926, by defendant Garland, from order of C. P. Allegheny County, July T., 1920, No. 2299, refusing to vacate on order appointing receiver, in case of John S. Wilson v. John W. Garland, The Roosevelt Hotel Co., et al.  Appeal dismissed.

Petition to vacate order appointing receiver.  Before SHAFER, P. J.

The opinion of the Supreme Court states the facts.

Petition dismissed.  Defendant Garland appealed.

*Error assigned* was order, quoting record.

*Wm. A. Griffith,* of *Griffith & Balter,* with him *C. K. Robinson* and *O. K. Eaton,* for appellant.

*M. W. Acheson, Jr.,* of *Sterrett & Acheson,* with him *John A. Metz* and *W. C. McClure,* for appellee.

PER CURIAM, November 22, 1926:

In 1920, a bill in equity was filed by John S. Wilson, for himself and other subscribers to the stock of the Roosevelt Hotel Company, alleging the promotion of that company by the present appellant, John W. Garland, and others, and the collection by them of cash stock subscriptions from plaintiff and others.  It further alleged that no steps had been taken to incorporate the company, that Garland had abandoned the project and heavily encumbered the land in which $44,000 of the stock-subscription moneys were invested, diverting the proceeds to his personal use.  The prayer of the bill was for a receiver for the "assets, property and business of the proposed corporation" and an injunction against its agents, servants and all other persons.  A temporary receiver,—later made permanent,—was appointed, and the injunction granted, although no final hearing was had on the bill.  All of this occurred in 1920; since then

the receiver "has remained and still is in full charge of the business and property."

In January, 1926, appellant, Garland, petitioned the court below to vacate the order appointing the receiver on the ground that the court did not have jurisdiction to make the appointment; from the dismissal of this petition, Garland appeals.

The refusal of a court to vacate proceedings for want of jurisdiction is an interlocutory judgment, and no appeal lies therefrom unless expressly conferred by statute: Miller Paper Co. v. Keystone Coal, etc., Co., 275 Pa. 40, 43; American Tr. Co. v. Kaufman, 279 Pa. 230, 232-3. Appellant insists that the Act of March 5, 1925, P. L. 23, affords the authority necessary to maintain the present appeal. That act provides for a preliminary determination of questions of jurisdiction in courts of first instance, for an appeal from the judgment entered on such questions, if the appeal is taken within fifteen days, and for advancement of such cases on the lists of the appellate courts. Appearance of defendant to object to the jurisdiction under this act is de bene esse only. As may readily be seen, the purpose of the statute is to afford a speedy means of securing a final determination of jurisdictional matters in limine, before inquiry into the merits of the case. It is not designed to cover generally all judgments on questions of jurisdiction, but must be confined to such as are provided for by the act; i. e., those entered in preliminary proceedings.

The present petition to vacate the appointment of the receiver was not filed until more than five years after the close of the proceedings which led to such appointment. The case, therefore, cannot be brought within the terms of the Act of 1925, and, under the authorities above cited, no appeal from the judgment complained of can be maintained at this time.

The appeal is dismissed at cost of appellant.