Mauser et al., Appellants, *v.* Mauser et ux.

Argued April 19, 1937. Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

258

*H. Mont. Smith,* with him *Hervey B. Smith,* for appellants.

*R. S. Hemingway,* with him *C. E. Kreisher,* for appellees.

PER CURIAM, May 17, 1937:

John F. Mauser died on December 7, 1930, giving to his widow, Mahala, a life estate in all his property with power to consume. In 1933 letters testamentary were issued to Alonzo, his son. Mahala died September 15, 1934, intestate, and on July 31, 1935, William, another son, was granted letters of administration on her estate. On the same day William and a third son, Charles, brought a bill in equity against Alonzo and his wife, alleging that the defendants had wrongfully converted property belonging to the estate of John F. Mauser to their own use, and had fraudulently induced Mahala, during her lifetime, to convey certain property to them, asking that they be declared trustees ex maleficio of all such property for the benefit of the complainants and heirs. The bill prays a discovery, an accounting and a distribution of the trust property to the remaindermen under the will of John F. Mauser according to their respective shares. Defendants filed a petition to dismiss the bill, challenging the jurisdiction of the court upon the grounds that the matter was within the exclusive jurisdiction of the Orphans' Court. After hearing, defendants' petition was granted and the bill dismissed for lack of jurisdiction. This appeal followed.

Appellants assert that equity has jurisdiction of the matter in controversy because it is predicated upon the

fraud of appellees in dealing with the property of the estate of John F. Mauser and because the Orphans' Court has no power to decree a discovery or to compel transfer of property now in the hands of the appellee Sarah. These contentions are utterly without foundation.

The purpose of the bill as to the items of property mentioned therein is to compel its return and a distribution of such property admittedly belonging to the estate of John which, it is charged, was wrongfully converted by appellees after his death. All of this property is within the jurisdiction of the Orphans' Court, regardless of who may now hold it. See *McGovern's Estate,* 322 Pa. 379; *Cutler's Estate,* 225 Pa. 167. The estates of John and his wife are being administered in the Orphans' Court, and its jurisdiction to the end desired is complete and exclusive. See *Tyson v. Rittenhouse,* 186 Pa. 137. That court has the full powers of equity, within its limited jurisdiction, to make any decree necessary to the proper administration of these estates. See *Mains's Estate,* 322 Pa. 243; *McGovern's Estate, supra.*

One of the bank accounts alleged to have been converted by the appellee Alonzo stood in the names of "John F. Mauser or Mahala Mauser or Alonzo Mauser." Appellants bill asserts that this account was held by the entireties and that consequently upon the death of John F. Mauser, title thereto passed to Mahala and therefore the money was never within the jurisdiction of the Orphans' Court. The statement in the bill that this was an estate by the entireties cannot be taken as true because the very title in which the account was held precludes any such possibility. An estate by the entireties, whether in personalty or realty, must be held in the names of husband and wife and no others. Whether the name of Alonzo was added as a matter of convenience or not does not dispose of the fact that the title was in the name of three parties, and on John's

death his interest passed under the control of the Orphans' Court as did Mahala's on her death.

Appellees filed a motion to quash this appeal on the ground that it was barred by the limitation contained in the Act of March 5, 1925, P. L. 23. That act does not apply to the appeal in the present case which is from a final decree dismissing the bill in equity.

Motion to quash is dismissed and the judgment of the court below is affirmed.