Rich *v.* Meadville Park Theatre Corporation et al., Appellants.

Argued September 28, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Chauncey Pruger,* with him *Gerald D. Prather* and *Reed, Smith, Shaw & McClay,* for appellant.

*F. Joseph Thomas,* for appellee, was not heard.

OPINION BY MR. JUSTICE PATTERSON, November 8, 1948:

Does the Act of 1937, P. L. 2665, 12 PS Section 106, titled, "An Act Providing for the commencement of civil actions for damages arising from any accident or injury occurring upon real estate, the footways, sidewalks, and curbs adjacent thereto; and providing for the service of process in such cases," authorize service of process to be made by the sheriff of the county in which the action was brought and in which the cause of action arose, by deputizing the sheriff of the county wherein defendant resides, although such defendant is neither owner nor lessee of the real estate on which the accident occurred? The court below held that it did and discharged a rule to quash and set aside service of process. This appeal followed.

James V. Rich, appellee, on August 21, 1947, attended a moving picture performance of the Meadville Park Theatre, Meadville, Crawford County, Pennsylvania, as a paying patron. While seated in the main floor of the theatre, Rich was injured when a large portion of the ceiling suddenly fell. Between August 5 and August 17, 1946, the theatre had been completely redecorated and extensive repairs and remodeling were completed by Navarro Corporation. Victor A. Rigaumont, appellant, the architect who prepared all plans and specifications for and supervised the repairing and remodeling of the theatre, is a resident of Allegheny County.

Appellee instituted an action in trespass in the Court of Common Pleas of Crawford County against Meadville Park Theatre Corporation, operator of the theatre, Navarro Corporation, contractor, and appellant. Service of the complaint upon appellant was made by the deputy sheriff of Allegheny County. The sheriff of Crawford County filed the following return: "Served the within Complaint, upon Victor A. Rigaumont, one of the named within defendants, by deputizing the Sheriff of Allegheny

County, Pennsylvania, as per his return hereto attached." Counsel for appellant entered an appearance *de bene esse* and filed a petition for a rule to show cause why the service should not be quashed and the service set aside. The court below discharged the rule.

Appellant contends that the Act of 1937,[1] supra, must be limited in application to actions in which the defendant is either owner or lessee of the real estate. Appellee contends, and the court below held, that the language of the Act is clear and not ambiguous and that its application may not be so restricted. The order of the court below must be affirmed. The statute clearly provides for extra county service upon "the defendant" in all actions for damages arising from accident or injury occurring upon real estate and footways, sidewalks, and curbs adjacent thereto. The language conveys a clear and definite meaning. Being plain and unambiguous, there is no occasion for resorting to rules of statutory construction, which are but aids to the court in ascertaining legislative intention: *Commonwealth ex rel. Cartwright v. Cartwright,* 350 Pa. 638, 40 A. 2d 30. Neither the words in the statute nor the title thereto in any way evidence any intention by the legislature to restrict the application of the word "defendant" to any particular class. The language used is general and all inclusive, authorizing service "by deputizing the sheriff of the county wherein the defendant resides or where service may be had upon such defendant . . ."

---

[1] "In cases where claims are made for damages arising from any accident or injury occurring upon real estate, the footways, sidewalks, and curbs adjacent thereto, it shall be lawful to commence an action for the recovery of damages in any court of record in the county wherein the real estate, footways, sidewalks, and curbs, are located, and service of process may be made by the sheriff of the county in which the action is brought, by deputizing the sheriff of the county wherein the defendant resides or where service may be had upon such defendant under the existing laws of this Commonwealth, in like manner as process may be now served in the proper county": Act of July 1, 1937, P. L. 2665, No. 525, Section 1.

Appellant suggests that a literal application of the words of this statute would authorize service by deputization in any conceivable action in tort, provided only that the cause of action is founded upon events occurring upon real estate, footways, sidewalks and curbs adjacent thereto. It is unnecessary in this case to delimit the scope of the statute. It is sufficient that here the pleadings establish that the cause of action arose from negligence either by acting or failing· to act as regards the premises themselves, and that plaintiff sustained injury as a result thereof while lawfully upon the premises.

The order of the court below is affirmed and the record remanded to the court below with a procedendo.