Commonwealth, Appellant, *v*. Shaffer.

102

Argued October 9, 1953. Before RHODES, P. J., HIRT, RENO, ROSS and WRIGHT, JJ.

*Robert H. Maurer*, Assistant Deputy Attorney General, with him *M. Jack Morgan*, District Attorney and *Frank F. Truscott*, Attorney General, for appellant.

*Isadore Rapoport*, with him *Groman & Rapoport*, for appellee.

*Richard W. Ervin*, Attorney General and *J. Ernest Webb*, Assistant Attorney General, for State of Florida, amicus curiae, submitted a brief.

OPINION BY HIRT, J., March 16, 1954:

This proceeding originated in the petition of Frances J. Shaffer, wife of respondent, addressed to the Circuit Court of the Fifteenth Judicial District of the State of Florida. In her petition under the Uniform Support of Dependents Law of that State, Chapter 27996, 1953, she sought to compel her husband to support her. She alleged that he had abandoned her in Florida and was then domiciled in Lehigh County,

Pennsylvania where he owned property. On a return of the sheriff of the county of petitioner's residence that respondent could not be found for the service of process, the Florida Circuit Court transmitted the proceeding to the Court of Quarter Sessions of Lehigh County, Pennsylvania, for disposition under the Uniform Enforcement of Support Law of this State, the Act of May 10, 1951, P. L. 279, 62 PS §2043.1 et seq. On the certification of the proceeding to the quarter sessions in Lehigh County the court directed that an attachment issue and when respondent was taken into custody he gave bail for his appearance. Prior to the date fixed for hearing respondent filed a petition under the Act of March 5, 1925, P. L. 23, 12 PS §672, challenging the jurisdiction of the court. The grounds for the claim of lack of jurisdiction are (1) reciprocal operation of the Pennsylvania law cannot be invoked because it is not substantially similar to the law of Florida; (2) there is no authority in either the Florida or the Pennsylvania law for the arrest of respondent on a bench warrant; (3) the Pennsylvania Law is unconstitutional in that it contains no provision for confrontation of accusing witnesses including his wife.

Under our Uniform Enforcement of Support Law the duties of support which are enforceable are those imposed by any "state . . in which this or a substantially similar reciprocal law has been enacted": 62 PS §2043.2. The Pennsylvania Act in §§5 and 6, 62 PS §2043.5 and §2043.6, provides: "The Governor of this State, (1) may demand from the governor of any other state, the surrender of any person found in such other state who is charged in this State with the *crime* of failing to provide for the support of any person in this State; and, (2) may surrender, on demand by the governor of any other state, any person found in this State who is charged in such other state with the *crime*

of failing to provide for the support of a person in such other state." (Italics supplied). The Florida Uniform Support Law, supra, does not contain a provision for interstate rendition. Moreover our Act in scope applies to all duties of support whereas the Florida Law relates to the support only of wife and children. For want of reciprocal provisions in these respects the lower court concluded that there was lack of substantial similarity in the statutes of the two states and on that ground dismissed the petition and discharged the respondent for want of jurisdiction. In so doing the court did not find it necessary to decide the other questions raised by respondent. The order will be reversed.

The problem of enforcing duties of support at best has always been difficult enough and in general an errant husband could avoid the enforcement of his responsibility to support his dependents by the simple expedient of crossing state lines. To meet the problem thus presented two distinct types of statutes were enacted, each of which contemplates a uniform two-state reciprocal procedure for the enforcement of the duty of support. These are the Uniform Support of Dependents Law and the Uniform Reciprocal Enforcement of Support Act. In an effort to create an effective civil remedy to compel support of an abandoned wife and children by an absconding husband-father found in another state the Uniform Support of Dependents Law was originally enacted by the State of New York on April 25, 1949, McKinney's Unconsolidated Laws of New York, §2111. Cf. *Maxim v. Maxim*, 118 N.Y.S. 2d 541. The New York State Act was subsequently enacted in eight other states including Florida, which adopted the law in 1953. The Uniform Reciprocal Enforcement of Support Act was approved by the National Conference of Commissioners

on Uniform State Laws and by the American Bar Association in September 1950. The law so approved was adopted by Pennsylvania in the 1951 Act, supra. The Act has also been adopted in 23 other jurisdictions. Proceedings to compel support are maintainable under §6(4) of the Florida law "where the respondent was or is a resident of or domiciled in [Florida] the initiating state and has departed or departs from such state leaving therein a dependent in need of and entitled to support under this act and is believed to be a resident of or domiciled in another state having substantially similar or reciprocal laws." The Uniform Act adopted in Pennsylvania is to the same effect. The methods of bringing the complaint before the responding state by the initiating state are substantially parallel and both acts in substance provide for reciprocal relief between states which have substantially similar laws. The word "similar" means "of a like nature or kind", according to the Oxford Dictionary, or "nearly corresponding; resembling in many respects; somewhat like; having a general likeness" as defined in Websters International Dictionary. Cf. *Bonsall's Estate*, 288 Pa. 39, 135 A. 724. Identity in language therefore is not essential to reciprocal operation of the two acts with which we are concerned.

Article II of the Pennsylvania Act provides for Criminal Enforcement specifically by extending the remedy of extradition of one charged "with the crime of failing to provide for the support of any person", although he had not fled from justice, or "at the time of the commission of the crime," was in the demanding or the other state. Violations of §731 and §732 of our Penal Code of June 24, 1939, P. L. 872, 18 PS §4731, §4732 would come within the purview of Article II. The Florida Act does not contain a similar provision for criminal enforcement, and extradition

in that state by appropriate procedure rests on other legislation.

The purpose of the Florida Act is thus stated: "The purpose of this uniform act is to secure support in civil proceedings for dependent wives and children from persons legally responsible for their support." In the Uniform Enforcement of Support Law enacted in Pennsylvania it is stated: "The purposes of this act are to improve and extend by reciprocal legislation the enforcement. of duties of support and to make uniform the law with respect thereto." Article III of the Pennsylvania Act relates to Civil Enforcement and it is with this Article that we are concerned in determining the validity of the proceeding initiated in Florida under its statute, limited to civil proceedings, to secure support. In our view reciprocal operation of the Uniform Support of Dependents Law is not restricted to the group of the eight states which have adopted it, nor operation of the Uniform Reciprocal Enforcement of Support Act to the 24 jurisdictions in which that Act is the law. A uniform law which is remedial in nature should be liberally construed with reference to the object to be obtained. 50 Am. Jur., Statutes, §§463, 464. Cf. Statutory Construction Act of May 28, 1937, P. L. 1019, as amended, 46 PS §551. The purposes of both statutes in enforcing support by civil procedures are the same and there is no legal obstacle to giving reciprocal effect to the provisions of the acts within these fields of their substantial similarity. We are all agreed that the court erred in finding fatal dissimilarity in the two statutes because of the Criminal Enforcement provision of the Pennsylvania Act, and the fact that the Florida law relates to support of wife and children only while the subject of the Pennsylvania Act is the support of all dependents. In the Historical Note, Uniform Laws Annotated 9A, 1953,

Cumulative Pocket Part, p. 49, the opinion is expressed that "The Uniform Support of Dependents Law . . . is sufficiently similar to the Uniform Reciprocal Enforcement of Support Act to permit reciprocity between those states which have adopted either law . . ." Cf. *Hodges v. Hodges,* 108 N.Y.S. 2d 286.

The Florida Act in §3(2) authorizes the certification of the proceedings from that state to any court, in another state having substantially similar laws, which has jurisdiction "to determine the liability of persons for the support of dependents within and without such state." The petition in this case was certified to a quarter sessions court which is the court in which proceedings for support of dependents are usually brought in this State. The quarter sessions in Pennsylvania can dispose of a matter certified to it only by its own procedures in the enforcement of the public policy of this State. Cf. *Com. ex rel. Bucciarelli v. Bucciarelli,* 162 Pa. Superior Ct. 582, 586, 60 A. 2d 554. At the relation of a wife entitled to support the Commonwealth is a proper plaintiff in an action for support in a quarter sessions court. The caption of the present case accordingly may be amended to *Commonwealth ex rel. Frances J. Shaffer v. Morris B. Shaffer.* Cf. *Commonwealth v. Berfield,* 160 Pa. Superior Ct. 438, 51 A. 2d 523.

Section 7(4) of the Florida Act provides that a "summons" be issued by the court of the responding state upon certification of the proceedings to it. But "summons" is defined in that act, in §3(8) to include "a subpoena, warrant, citation, order or other notice, by whatever name known, provided for by the laws of the [responding] state . . ." Attachment of the person of a husband is a common method of compelling submission to the court in a support proceeding. Under the circumstances the lower court is not charge-

able with reversible error in directing "that a bench warrant issue to compel the presence of . . Morris B. Shaffer" at the hearing in this case. A "summons" in that form was authorized by the above section of the Florida Act and respondent's presence was assured, in the lower court, after his arrest, by the bail which he entered for his appearance.

While the obligation of a husband to support his wife does not arise in contract, and is not a debt, it nevertheless is a liability imposed by law as an incident of the marital status. *Commonwealth v. Berfield,* supra; *Moorehead's Estate,* 289 Pa. 542, 552, 137 A. 802. The Civil Enforcement section of the Pennsylvania Act comprehends within its purview, proceedings for support as though brought under §733 of the Act of June 24, 1939, supra, 18 PS §4733, which in substance is a reenactment of the Act of April 13, 1867, P. L. 78. This is the common procedure in the quarter sessions for enforcing the duty of support. Such action is essentially a civil proceeding although brought under the sanction of the Criminal Code. The purpose of the proceedings is not to punish the defendant for his dereliction in failing to support his family but to secure such allowance for their support as is reasonable having in view his ability to pay as evidenced by his property, his income and his earning capacity. *Commonwealth v. Shankel,* 144 Pa. Superior Ct. 476, 19 A. 2d 493; *Com. ex rel. Binney v. Binney,* 146 Pa. Superior Ct. 374, 22 A. 2d 598. The same principles apply to proceedings for support in the Municipal Court of Philadelphia. *Com. ex rel. Barnes v. Barnes,* 151 Pa. Superior Ct. 202, 30 A. 2d 437. And the rule is identical in a purely civil proceeding for support by action at law or in equity under the Act of May 23, 1907, P. L. 227 as amended, 48 PS §131. *Jones v. Jones et al.,* 348 Pa. 411, 35 A. 2d 270. Section 733 of The Penal

Code in reality is remedial and not penal; it is quasi-criminal (Cf. *Commonwealth v. Widmeyer,* 149 Pa. Superior Ct. 91, 26 A. 2d 125) in nature but only as to the form of the action and the procedures invoked to give effect to the civil aspects of the remedy of enforcing support. These principles are applicable to the disposition of this case in the lower court.

The Commonwealth has an interest in all support cases, if only to recapture a part of the large sum, said to amount to $200,000,000 a year, spent by the states in supporting deserted families. See Commissioners' Prefatory Note to the Uniform Reciprocal Enforcement of Support Act, 9A, 1953 Cumulative Annual Pocket part, Uniform Laws Annotated, p. 53. The Florida Act in §8 also recognizes the interest of the State of Florida in such proceedings, although civil in nature, by requiring that the "State attorney . . . represent the petitioner in all proceedings" under the Act. But since the present proceeding in the quarter sessions is only quasi-criminal in nature the respondent will not be entitled to be confronted by his wife and her witnesses at the hearing on the merits of this case.

Because of the Commonwealth's interest it has the right of appeal. Act of May 28, 1915, P. L. 616, as amended, 12 PS §145; 9 Stand. Pa. Prac., Appeals, §122. And in our view this appeal was taken in time. When the question of the jurisdiction over a defendant or the cause of action is raised under the Act of March 5, 1925, P. L. 23, 12 PS §672, et seq., the procedure is deemed *de bene esse* only. The respondent's petition to dismiss the proceeding on jurisdictional grounds, therefore, did not operate as a general appearance. Section 3 of the Act, 12 PS §674 states: "The appeal here provided for must be taken and perfected within fifteen days from the date when the decision

is rendered; . . A failure to appeal within the time specified will be deemed a waiver of all objections to jurisdiction over the defendant personally." It seems clear that this limitation on the time for taking an appeal applies only to a *defendant* who questions the jurisdiction of the court and who is specifically given the right of appeal from an *interlocutory judgment* against him on that question. *Wilson v. Garland,* 287 Pa. 291, 293, 135 A. 131. As to the Commonwealth, as plaintiff, representing the interests of respondent's wife seeking support, the judgment was final and not interlocutory since it dismissed the cause of action. 9 Stand. Pa. Prac., Appeals, §24. The 1925 Act, supra, does not apply to a plaintiff's right of appeal from such final judgment (cf. *Mauser v. Mauser et ux.,* 326 Pa. 257, 260, 192 A. 137) and plaintiff's appeal taken within 36 days from the final order of the court entered on July 20, 1953, was in time.

Order reversed with a procedendo.