## Olson, Appellant, v. Kucenic.

Submitted April 23, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Gallup, Potter & Gallup,* with them *E. G. Potter, W. D. Gallup* and *Robert J. Healy,* for appellant.

*Robert B. Apple,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, June 28, 1957:

The plaintiff, as administratrix of her deceased husband's estate, sued in the Court of Common Pleas of McKean County to recover damages for his death. The

defendant is a resident of Westmoreland County where he was served with the complaint by the sheriff of that county who had been deputized for the purpose by the sheriff of McKean County. The plaintiff averred in her complaint that her husband's death resulted from the negligent discharge of a rifle by the defendant while he and the decedent were hunting on wild woodland in McKean County. The defendant disputed the validity of the substituted service and, by way of preliminary objections, questioned the jurisdiction of the McKean County court of his person. The preliminary objections were sustained and the complaint dismissed. The plaintiff has appealed.

The question of law which the appellant poses virtually answers itself. There is neither statute nor rule of civil procedure in this State authorizing deputized service of process in circumstances such as this case presents. The appellant contends, however, that the facts bring the cause of action within the provisions of the Act of July 1, 1937, P.L. 2665, 12 PS §106, which, as to venue in certain causes, provides that "In cases where claims are made for damages arising from any accident or injury occurring upon real estate, the footways, sidewalks, and curbs adjacent thereto, it shall be lawful to commence an action for the recovery of damages in any court of record in the county wherein the real estate, footways, sidewalks, and curbs, are located, and service of process may be made by the sheriff of the county in which the action is brought, by deputizing the sheriff of the county wherein the defendant resides or where service may be had upon such defendant under the existing laws of this Commonwealth, in like manner as process may be now served in the proper county."

The appellant argues that, because the particular personal trespass involved in this suit was inflicted on

the decedent "upon real estate" located in McKean County, extra-county service of the process of the court of common pleas of that county was permissible. The contention is patently fallacious. The construction of the Act, which the appellant thus urges, would make idle surplusage of that portion of the embracive statutory phrase which follows the words "real estate" viz, "the footways, sidewalks, and curbs adjacent thereto" in plain disregard of the rule of statutory construction that, "Every law shall be construed, if possible, to give effect to all its provisions": Section 51 of the Act of May 28, 1937, P.L. 1019, 46 PS §551.

The suggested construction would, moreover, so broaden the intent of the Act as to authorize extra-territorial service of process in almost any conceivable action regardless of its nature. Cf. *Rich v. Meadville Park Theatre Corporation,* 360 Pa. 338, 341, 62 A. 2d 1. Such an extension, apart from being unwarranted by the terms of the Act, would be in defiance of the fundamental principles governing service of process. "The common law rule in regard to service of process, established by centuries of precedent, has always been accepted as binding on this State. In an action in personam the process must be served personally within the jurisdiction of the court in which the action was commenced, upon the person to be affected thereby. This rule prevails, unless a statute clearly and definitely manifests that a different method as to service has been promulgated by the legislature." *Heaney v. Mauch Chunk Borough,* 322 Pa. 487, 490, 185 A. 732; quoted with approval in *Williams v. Meredith,* 326 Pa. 570, 572, 192 A. 924. See also *McCall v. Gates,* 354 Pa. 158, 161, 47 A. 2d 211.

Mindful that " 'In interpreting a statute it must be construed as an integral part of the whole structure affected and not as a separate matter having an inde-

510

pendent meaning of its own' " (*Kearcher v. Mt. Oliver Borough Council*, 363 Pa. 148, 151, 69 A. 2d 394) even a cursory reading of the Act in its entirety convinces beyond reasonable question that the intent of the legislature was to provide for extra-county service of process where the cause of action arose from a condition inherent in or incident to realty or from an owner's or possessor's acting or failing to act in respect of his realty or the statutorily specified appurtenances. See *Rich v. Meadville Park Theatre Corporation,* supra. Appellant conceded in her argument before the court en banc that the instant suit possesses none of those characteristics. The court below was correct in denying jurisdiction of the person of the defendant.

Order affirmed.