## Mickley v. Kessel

*Bigham & Raffensperger*, for plaintiff.

*Brown, Swope & MacPhail*, for defendants.

SHEELY, P. J., January 10, 1963.—In his complaint, plaintiff alleges that employes of defendants cut 75,158 board feet of timber, valued at $2630.53, on land belonging to him in Hamiltonban Township, Adams County, and removed the same and converted it to the use of defendants, for which he claims $7,391.59 (treble damages) under the Act of June 24, 1939, P. L. 872, sec. 935, 18 PS §4935. Defendants are co-partners and reside in Petersburg, West Virginia. The complaint was served upon them by the sheriff of Adams County by sending two copies thereof by certified mail to the Secretary of the Commonwealth and a copy thereof to each of the defendants by certified mail at their last known address at Petersburg, West Virginia.

Defendants have filed preliminary objections in the nature of a petition raising questions of jurisdiction and venue, wherein they allege that they are nonresidents of Pennsylvania and have no place of business

or registered office in the commonwealth and do not conduct any business within Adams County. The basic question to be decided is whether service of the complaint was properly made upon them by service on the Secretary of the Commonwealth under the provisions of Pa. R. C. P. 2077 and 2079.

"The common law rule in regard to service of process, established by centuries of precedent, has always been accepted as binding in this State. In an action in personam the process must be served personally within the jurisdiction of the court in which the action was commenced, upon the person to be affected thereby. This rule prevails, unless a statute clearly and definitely manifests that a different method as to service has been promulgated by the legislature . . .": Heaney v. Mauch Chunk Borough, 322 Pa. 487, 490 (1936), quoted with approval in Williams v. Meredith, 326 Pa. 570, 572 (1937); and Olson v. Kucenic, 389 Pa. 506, 509 (1957). Pa. R. C. P. 2077(a) provides that the rules of that chapter apply to "(1) actions as to which the laws of the commonwealth authorize service of process upon a non-resident . . ."

Plaintiff contends that the Act of July 2, 1937, P. L. 2747, sec. 1, 12 PS §331, authorizes service of process upon the nonresidents in this case. Under the provisions of that act, "any nonresident of this Commonwealth being the owner, tenant, or user, of real estate located within the Commonwealth of Pennsylvania, and the footways and curbs adjacent thereto . . . shall, by the ownership, possession, occupancy, control, maintenance, and use, of such real estate, footways, and curbs, make and constitute the Secretary of the Commonwealth of Pennsylvania his, her, its, or their agent for the service of process in any civil action or proceedings instituted in the courts of the Commonwealth of Pennsylvania against such owner, tenant,

or user of such real estate, footways, and curbs, arising out of or by reason of any accident or injury occurring within the Commonwealth in which such real estate, footways, and curbs are involved."

Defendants are neither owners nor tenants of the real estate involved in this action and the only allegation of "use" of such real estate contained in the complaint is that their employes cut 75,158 board feet of timber thereon without the consent of the owner and converted the greater portion thereof to defendant's use. Unquestionably defendants' employes had to trespass upon the land of plaintiff and set up their equipment to do the damage here complained of, and they probably used roadways over the land to take out the cut timber. But, is this the type of "user" and the type of involvement of real estate in an accident or injury to which the statute refers? The statute is in derogation of the common law and must be construed strictly: Williams v. Meredith, 326 Pa. 570 (1937).

In Murphy v. Indovina, 384 Pa. 26 (1956), process was served upon an additional defendant who had parted with ownership of the property and was a nonresident at the time the injury or damage was inflicted. It was contended that certain acts of his, while the owner, were responsible in whole or in part for the injury. The court held that since he was not the owner at the time the cause of action arose he was not subject to extra-territorial service. The court stated that (at page 30) : "By the unmistakable terms of the Act, it is the nonresident's ownership, possession, occupancy, control, maintenance and use of the Pennsylvania real estate involved in the accident or injury in suit that serves to make and constitute the Secretary of the Commonwealth the nonresident owner's agent for the service of process."

In Dubin v. City of Philadelphia, 34 D. & C. 61 (1938), a nonresident mortgagee who had taken pos-

session of the property of the mortgagor and had collected rents, paid taxes and water rents, and leased the property on which plaintiff alleged she was injured when she fell on a broken sidewalk, was held to be a "user" of the property and therefore amenable to substituted service under the act. In Chong v. Faull, 88 D. & C. 557 (1954), a nonresident contractor engaged in constructing a building was held to be a "user" of the real estate within the meaning of the act who could be sued, with substituted service, for damages done to adjoining properties by his activities in connection with the construction.

In all of the cases, the nonresident defendants were lawfully in possession of the real estate and the damages sued for arose as a result of the method of the use or care of the property. In other words, the real estate itself was actually involved in the causation of the damages. The purpose of the act seems clear. It is to prevent a nonresident owner or user of real estate from escaping suit in Pennsylvania for damages arising from a condition existing upon the real estate or from his acting or failing to act in respect to such real estate.

It is a companion statute to the Act of July 1, 1937, P. L. 2665, 12 PS §106, which provides for service of process in another county "where claims are made for damages arising from any accident or injury occurring upon real estate, the footways, sidewalks, and curbs adjacent thereto." As to the latter act, the Supreme Court has said: ". . . even a cursory reading of the Act in its entirety convinces beyond reasonable question that the intent of the legislature was to provide for extra-county service of process where the cause of action arose from a condition inherent in or incident to realty or from an owner's or possessor's acting or failing to act in respect of his realty or the statutorily specified appurtenances": Olson v. Kucenic, 389 Pa.

506, 510 (1957). In the present case the real estate was not involved in any way in the infliction of the damage; the damage was inflicted upon the real estate.

Moreover, defendants were not lawfully upon plaintiff's real estate. In Dubin v. City of Philadelphia, 34 D. & C. 61 (1938), Judge Bok, later Mr. Justice Bok of the Supreme Court of Pennsylvania, pointed out that it was not every use of property that would come within the terms of the act. He stated, by way of dictum: "The use of property by a trespasser, being without right, would not do so; . . . And so of guests, invitees, and licensees. None of these 'possesses' the property, with right to do so. 'Use' must stem from some form of rightful possession, which contemplates some of the prerequisites of ownership or control, even if temporary." This dictum was quoted with approval in Chong v. Faull, 88 D. & C. 557 (1954).

We conclude that the situation here presented is not such as was contemplated by the Act of July 2, 1937, P. L. 2747, 12 PS §331, and defendants' preliminary objections must be sustained and the service of process set aside.

Plaintiff at the argument expressed concern that unless he could bring his action in this court and serve the process by substituted service he would be unable to secure redress from defendants since the action involves damage to land and must therefore be brought in the county in which the land is located. However, under Pa. R. C. P. 1042, all actions are now transitory except where there is express provision to the contrary: Bookwalter v. Stewart, 369 Pa. 108, 110 (1952).

And now, January 10, 1963, defendants' preliminary objections are sustained and the service of process upon them is set aside.