## Bates v. Kelly

*Thomas E. Doyle,* for plaintiffs.

*Bernard Quinn, Quinn, Leemhuis, Plate & Dwyer* and *John E. Britton* and *Gifford, Graham, MacDonald & Illig,* for defendants.

EVANS, P. J., May 10, 1963.—Before us in the above entitled matter is a preliminary objection alleging lack of jurisdiction over the person of defendant William Kelly.

Action was started against William Kelly and Washington Trail Council, Boy Scouts of America, Inc., as his employer to recover damages resulting from injuries suffered by Charles G. Bates, age 14, who on February 15, 1958, as a member of a Boy Scout troop, was hiking over land in Fairview Township, Erie County, Pa., owned by a Mr. Alfieri. At the time the Boy Scout troop was under the direction of defendant Kelly acting as scoutmaster of the minor's Boy Scout Troop No. 97.

The negligence averred was the failure to properly supervise and care for the members of the troop, particularly the plaintiff minor, as a result of which

minor-plaintiff slipped and fell over the precipice of a gorge in the area where scouting activities were being carried on.

Subsequent to the date of the accident, defendant Kelly, according to the complaint, moved to Schenectady, New York, and service upon him was attempted under the provisions of the Act of July 2, 1937, P. L. 2747, sec. 1, 12 PS §331. The complaint and summons were forwarded to the secretary of the Commonwealth who acknowledged receipt of the same. Notice by registered mail was sent to "Mr. William Kelly, Schenectady, New York," but was returned undelivered with the notation "for better address."

The Act of 1937, supra, provides that ". . . any nonresident of this Commonwealth being the owner, tenant, or user, of real estate located within the Commonwealth of Pennsylvania, and the footways and curbs adjacent thereto, or any such resident of this Commonwealth who shall subsequently become a nonresident, shall, by the ownership, possession, occupancy, control, maintenance, and use, of such real estate, footways, and curbs, make and constitute the Secretary of the Commonwealth of Pennsylvania his, her, its, or their agent for the service of process in any civil action or proceedings instituted in the courts of the Commonwealth of Pennsylvania against such owner, tenant, or user of such real estate, footways, and curbs, arising out of or by reason of any accident or injury occurring within the Commonwealth in which such real estate, footways, and curbs are involved."

Contention is made that under the facts in this case service may not be had under the provisions of said act. There is no averment or contention that the property upon which the accident happened was owned, possessed, controlled, or maintained by either of defendants, but it is averred that said occupancy was with permission of the owner and that defendants were as

licensees users of the premises at the time of the accident.

In our opinion, the Act of 1937, supra, was not intended to provide for deputized service under the circumstances in this case. It must appear that a defendant charged with negligence in the use of real estate had some responsibility for its control and maintenance, although it is not necessary that he be actually the owner or tenant. He may be a mortgagee in possession, a contractor constructing a building on the premises, or in general anyone as licensee or otherwise who has a duty to maintain the property over which he has some continuity of responsibility and control.

Everyone to a limited degree uses any building, vacant land, or street upon which he may be at a particular time, but he may have no responsibility for the proper care and maintenance thereof. Mere presence on the property, without more, is not such user as authorizes service of a complaint under the provisions of the Act of 1937, supra. The preliminary objection to our jurisdiction over the person of the defendant must be sustained.

It is averred that at the time of the occurrence on account of which complaint is made, William Kelly was in the employ of the other defendant, Washington Trail Council, Boy Scouts of America, Inc., which was properly served. This issue as to agency as well as the question of negligence and the amount of recovery against Washington Trail Council, Boy Scouts of America, Inc., for the acts of its agent or employe are properly before this court. In case of a recovery, it is possible that there may be liability over as to William Kelly in any court where he can be properly served.

And now, to wit, May 10, 1963, preliminary objection filed on behalf of William Kelly, defendant, is sustained and the action as to him is discharged.