## Betcher v. Hay-Roe, Appellant.

372

Argued March 12, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Cosmos J. Reale,* for appellants.

*Richard S. Crone,* with him *Abe R. Cohen,* and *Crone and Cohen,* for appellee.

Opinion by Mr. Justice O'Brien, April 16, 1968:

This is an appeal from an order of the Court of Common Pleas of Allegheny County, overruling appellants' preliminary objections raising a question of jurisdiction.

The alleged accident occurred on May 18, 1966, at 1163 Arrowood Drive, Mt. Lebanon, Allegheny County, Pennsylvania, where the appellants were tenants of a one family home. At that time, the appellee, who was babysitting for the appellants' children, allegedly was injured as a consequence of the collapse of a chair in which she was sitting in the dining room. The chair was the property of the appellants.

On June 25, 1966, the appellants removed from the aforesaid premises and became residents of the State of Hawaii. Appellee instituted suit in the Court of Common Pleas of Allegheny County, at No. 3441 October Term, 1967. Appellee's Complaint was served upon the Secretary of the Commonwealth and upon the appellants by Registered Mail in accordance with the procedure prescribed by Pa. R. C. P. 2079(a).

The appellants raised preliminary objections alleging that service of process was defective and contesting the jurisdiction of the court over the persons of the appellants.

The court below, after listening to the arguments of counsel, concluded that the situation presented was one which fell within the scope of the Act of July 2, 1937, P. L. 2747, 12 P.S. §331, and that substituted service of process had been properly accomplished.

The issue before this court is a very narrow one. Is the substituted service permitted under §331 of the aforementioned Act? That section provides: "Any nonresident of this Commonwealth being the owner, tenant or user of real estate located within the Commonwealth of Pennsylvania, and the footways and curbs adjacent

thereto, or any such resident of this Commonwealth who shall subsequently become a nonresident, shall, by the ownership, possession, occupancy, control, maintenance, and use, of such real estate, footways, and curbs, make and constitute the Secretary of the Commonwealth of Pennsylvania his, her, its, or their agent for the service of process in any civil action or proceedings instituted in the courts of the Commonwealth of Pennsylvania against such owner, tenant, or user of such real estate, footways, and curbs, arising out of or by reason of any accident or injury occurring within the Commonwealth in which such real estate, footways, and curbs are involved."

The question as thus posed is: Did the action arise out of or by reason of any accident or injury in which real estate was involved? Was real estate *involved*?

We agree with the court below that real estate was indeed involved. Appellants strenuously contend that the condition of the real estate should be causally connected with the accident or injury. Since the chair which was the cause of the accident was personalty, appellants claim that the terms of the statute have not been met. They point to two lower court decisions as well as one analogous Supreme Court decision as support for their position. *Andrews v. Jaffa*, 3 Crawford Co. L.J. 192 (1963) involved a suit to recover damages for personal injuries sustained by the minor plaintiff as a result of a gunshot wound inflicted upon him by the minor defendant on a farm in Crawford County, Pennsylvania, owned by the minor defendant's father, also a defendant. The defendants were residents of Ohio. The court held substituted service under §331 to be improper: "In the present case the real estate was in no way involved except for the fact that the shooting took place on defendant's land. This fact alone could hardly mean that the farm was in any way

involved in the accident." The court went on to cite another lower court decision, this one from Allegheny County, *Shouse v. Wagner*, 84 Pa. D. & C. 82, 84, where the court said: "Being 'involved', is not the same as being the site or location of an accident or injury . . .

"From the use of the word 'involved', it is plain to see that the Legislature intended that the real estate, footways, or the curbs, of themselves, should be closely tied in with the happening of the accident or injury.

"The condition of the real estate should be causally connected with the accident or injury. If the real estate, footways or the curbs, or any of them are in such a state of disrepair the result of which an accident or injury occurred, then of course the property would be involved within the meaning of the act."

We cannot agree with these courts that "involvement" under the Statute requires more than the occurrence of the accident or injury on the real estate. We say this, not unaware that our decision in *Olson v. Kucenic*, 389 Pa. 506, 133 A. 2d 596 (1957) might seem to portend otherwise. The facts in that case were that the plaintiff, as administratrix of her deceased husband's estate, sued in the Court of Common Pleas of McKean County to recover damages for his death. The defendant was a resident of Westmoreland County where he was served with the complaint by the sheriff of that county who had been deputized for the purpose by the sheriff of McKean County. The plaintiff averred in her complaint that her husband's death resulted from the negligent discharge of a rifle by the defendant while he and the decedent were hunting on wild woodland in McKean County. The defendant disputed the validity of the service and, by preliminary objections, questioned the jurisdiction of the McKean County Court of his person. The preliminary objections were sustained and on appeal we had to deter-

mine whether substituted service was proper under the Act. There this court was construing not §331 involved in the instant case, but rather §106 (Act of July 1, 1937, P. L. 2665, 12 P.S. §106), which provides: ". . . in cases where claims are made for damages arising from any accident or injury occurring upon real estate, the footways, sidewalks, and curbs adjacent thereto, it shall be lawful to commence an action for the recovery of damages in any court of record in the county wherein the real estate, footways, sidewalks, and curbs, are located, and service of process may be made by the sheriff of the county in which the action is brought by deputizing the sheriff of the county wherein the defendant resides or where service may be had upon such defendant under the existing laws of this Commonwealth, in like manner as process may be now served in the proper county." In §106, the dispositive language is "accident or injury occurring upon real estate", whereas in §331, the key language is "accident or injury . . . in which real estate . . . [is] involved." In *Olson*, at page 510, we construed the apparently broader language of §106 to require that "the cause of action [arise] from a condition inherent in or incident to realty or from an owner's or possessor's acting or failing to act in respect of his realty or the statutorily specified appurtenances." The fundamental basis for the Court's decision was that to have sustained the extraterritorial service of process in that case would have so broadened the intent of the Act "as to authorize extraterritorial service of process in almost any conceivable action regardless of its nature", since every accident, with the possible exception of mid-air collisions, occurs on real estate. Such an extension would have been "in defiance of the fundamental principles governing service of process."

We are cognizant of the fact that in the eleven years since our decision in *Olson*, notions of due proc-

ess in the extraterritorial jurisdiction field have not been static. Yet, we by no means think that the mere occurrence of an accident in Pennsylvania permits suit here and service elsewhere.

The basis for *Olson,* is entirely lacking here, for §331, unlike §106, is self-limiting. Under §106, this Court had clearly held that the section is not limited to actions in which the defendant is the owner, lessee, or user of the real estate. *Rich v. Meadville Park Theatre Corp.,* 360 Pa. 338, 62 A. 2d 1 (1948). Under §331, in contrast, extraterritorial service is proper only upon the "owner, tenant, or user[1] of such real estate [and appurtenances]", where an accident involves that real estate and appurtenances. It is thus unnecessary to circumscribe the ordinary meaning of the word "involved."

The result in not requiring a causal relationship between the real estate and the accident is certainly consonant with justice. Where an accident involving a Pennsylvania resident occurs in the Pennsylvania home of other Pennsylvania residents, and the victim is treated by Pennsylvania doctors in Pennsylvania, then surely it is unjust to require the plaintiff to go to Hawaii to sue. And it would be wrong to attribute any such unjust motive to the legislature. Goodrich-Amram in §2077(a)-18 states that the object of the statute is "the subjecting of the person of any non-resident or removing resident owner, tenant or user to the jurisdiction of the courts of Pennsylvania in any case where he is liable under the substantive law for any accident occurring on the property."

Nor does this statute, in obtaining such an object, violate due process. The rule is stated in the leading

---

[1] Judge, later Justice Bok, in *Dubin v. City of Philadelphia,* 34 Pa. D. & C. 61, 70 (1938), indicated that use should be rather narrowly construed.

case of *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154 (1945): "[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" The mere stating of the factual posture of the case shows that notions of fair play and justice are not violated by permitting suit in Pennsylvania. The United States District Court for the Western District of Pennsylvania, in *Gearhart v. Pulakos,* 207 F. Supp. 369 (1962), has taken the same position: "[T]he ownership of property in Pennsylvania at the time an accident occurs upon it, which is the basis of a cause of action, permits service of process in the Federal Courts by the United States Marshal under the provisions of the cited statute. . . . This court concludes that the statute . . . is in compliance with the requirements of Federal due process." We are in full accord with the District Court that the requirements of due process have been satisfied.

The order of the court below overruling appellants' preliminary objections is affirmed.

Mr. Justice JONES and Mr. Justice COHEN dissent.