Messick, Appellant, *v.* Gordon.

Argued January 9, 1969. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*George F. Douglas, Jr.,* for appellant.

*James W. Evans,* with him *Goldberg, Evans & Katzman,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, April 23, 1969:

This is an appeal from the order of the Court of Common Pleas of Cumberland County, sustaining the preliminary objection of defendant, William J. Gordon, attacking the jurisdiction of the court over his person. The complaint alleged that the defendant, appellee here, a resident of the State of Virginia, was a patron of the plaintiff's motor lodge where he occupied a room, which, through appellee's negligence, caught fire and resulted in extensive damages. Service on appellee was made under Pennsylvania Rule of Civil Procedure 2079(a) by mailing registered letters to the Secretary of the Commonwealth and to appellee at his last known address. Appellee filed a preliminary objection attacking the Pennsylvania court's jurisdiction over his person. That objection was sustained and this appeal followed.

Although no motion to quash was filed, this Court, *sua sponte,* raised the question of whether the case was properly before us. We conclude that it is. The Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672, provides as follows: "Whenever in any proceeding at law or in equity the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in the court of first instance, it shall be preliminarily determined by the court upon the pleadings or with depositions, as the case may require; and the decision may be appealed to the Supreme Court or the Superior Court, as in cases of final judgments."

Section 3 of the same act, 12 P.S. §674, provides that the appeal allowed in §1 must be taken and per-

fected within fifteen days from the date the decision is rendered. The instant appeal was not taken and perfected within fifteen days from the date of the decision below. The question thus becomes whether plaintiff has lost his right to appeal. We think not. This very issue was considered in *Commonwealth v. Shaffer*, 175 Pa. Superior Ct. 100, 110, 103 A. 2d 430 (1954): "It seems clear that this limitation on the time for taking an appeal applies only to a *defendant* who questions the jurisdiction of the court and who is specifically given the right of appeal from an *interlocutory judgment* against him on that question. Wilson v. Garland, 287 Pa. 291, 293, 135 A. 131. As to . . . plaintiff . . . the judgment was final and not interlocutory since it dismissed the cause of action. 9 Stand. Pa. Prac., Appeals, §24. The 1925 Act, supra, does not apply to a plaintiff's right of appeal from such final judgment (cf. Mauser v. Mauser, 326 Pa. 257, 260, 192 A. 137) and plaintiff's appeal taken within 36 days . . . was in time." (Emphasis in original).

In *Mauser v. Mauser*, cited above, this Court held that the Act of 1925 did not apply to plaintiff's appeal from a final decision dismissing a bill in equity. Such a result should be obvious from the consequences stated in §3 for failure to comply with the time limitation of the Act: "A failure to appeal within the time specified will be deemed a waiver of all objections to jurisdiction over the defendant personally." Clearly this can apply only to an appeal by the defendant and not to an appeal by the plaintiff. We can thus pass on the issue raised by the preliminary objection.

Appellant contends that the substituted service on appellee is valid under the provisions of §1 of the Act of July 2, 1937, P. L. 2747, 12 P.S. §331: "From and after the passage of this act, any nonresident of this Commonwealth being the owner, tenant, or user, of

real estate located within the Commonwealth of Pennsylvania, and the footways and curbs adjacent thereto, or any such resident of this Commonwealth who shall subsequently become a nonresident, shall, by the ownership, possession, occupancy, control, maintenance, and use, of such real estate, footways, and curbs, make and constitute the Secretary of the Commonwealth of Pennsylvania his, her, its, or their agent for the service of process in any civil action or proceedings instituted in the courts of the Commonwealth of Pennsylvania against such owner, tenant, or user of such real estate, footways, and curbs, arising out of or by reason of any accident or injury occurring within the Commonwealth in which such real estate, footways, and curbs are involved." The court below held that the occupancy by appellee of the motel room did not constitute a "use" of real estate sufficient to bring him within the scope of the Act. We agree. This Court has recently in *Betcher v. Hay-Roe*, 429 Pa. 371, 240 A. 2d 501 (1968), had occasion to interpret the Act quoted above. We there gave a literal interpretation to the word "involved" in §331, holding that no causal connection was needed between the real estate and the accident. We did so despite the fact that in *Olson v. Kucenic*, 389 Pa. 506, 133 A. 2d 596 (1957), we had construed the apparently broader language of §106 (Act of July 1, 1937, P. L. 2665, 12 P.S. §106), "accident . . . occurring upon real estate", to require a causal connection between the real estate and the accident. We pointed out that to have permitted extra-territorial service of process in the *Olson* situation under §106 "would have so broadened the intent of the Act 'as to authorize extra-territorial service of process in almost any conceivable action regardless of its nature', since every accident, with the possible exception of mid-air collisions, occurs on real estate." *Betcher,*

at page 376. The reason such a result loomed in *Olson* was that we had already interpreted §106 as not being limited to situations in which the defendant is the owner, lessee, or user of the real estate. *Rich v. Meadville Park Theatre Corp.*, 360 Pa. 338, 62 A. 2d 1 (1948). In *Betcher*, however, it was unnecessary to circumscribe the ordinary meaning of the word "involved" because §331 is self-limiting, permitting extra-territorial service only upon the "owner, tenant, or user" of real estate. Appellant here claims that appellee, having stayed at the motel in Pennsylvania for one night, is a "user" of real estate in Pennsylvania. Were we to accept appellant's interpretation of the word "user", the self-limiting feature of §331 would evaporate, and we would be faced once again with a statute authorizing "extra-territorial service of process in almost any conceivable action regardless of its nature." *Olson*, at page 509. For if appellee is a "user" of real estate, it is difficult to conceive of an accident occurring in Pennsylvania in which the defendant would not be a user of real estate. Surely the Legislature when it adopted the instant Act in 1937, in view of the then existing standards of due process, had no intention of permitting suit in Pennsylvania and service elsewhere *whenever* an accident occurs here.[1] Section 52(3) of the Statutory Construction Act, Act of May 28, 1937, P. L. 1019, art. IV, §52(3), 46 P.S. §552(3), sets up the presumption in ascertaining legislative intent, that the Legislature did not intend to violate the Constitution of the United States.[2]

---

[1] In fact, in dictum in *Betcher*, supra, we expressed our doubt that even current standards of due process permitted such a situation.

[2] Apparently, legislatures have been erring too much on the side of safety. See the discussion, 7 Duq. L. Rev. 138, 143 (1968) of the "due process gap", which refers to the failure of legislatures to pass long-arm statutes as broad as due process permits.

Our view is consistent with that taken by the lower courts of the Commonwealth, beginning with the opinion, shortly after the passage of the Act, of Judge, later Justice BOK, in *Dubin v. City of Philadelphia*, 34 Pa. D. & C. 61 (Phila. Co., 1938). They have uniformly required that a user have some substantial connection with the property, which substantial connection is not satisfied by mere fleeting presence. See also *Bates v. Kelly*, 32 Pa. D. & C. 2d 444 (Erie Co., 1963).

We hold that appellee was not a "user" of the real estate under §331 and that substituted service under Pennsylvania Rule of Civil Procedure 2079(c) was thus improper.

The order of the court below sustaining appellee's preliminary objection attacking the jurisdiction over his person is affirmed.

———

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

The majority correctly reaffirms this Court's holding in *Betcher v. Hay-Roe*, 429 Pa. 371, 240 A. 2d 501 (1968), that under the provisions of section 1 of the Act of July 2, 1937, P. L. 2747, 12 P.S. §331, "no causal connection was needed between the real estate and the accident." The majority is also correct when it states "it was unnecessary to circumscribe the ordinary meaning of the word 'involved' [by requiring a causal connection] because §331 is self-limiting, permitting extra-territorial service *only* upon the 'owner, tenant or user' of real estate." (Emphasis supplied.)

However, I believe the majority is incorrect when it argues that the self-limiting feature would evaporate if the terms of §331 were applied to the appellee in this action. The self-limiting feature "owner, tenant or user" *must* apply to one who rents a motel room, even for one night, if all of the words are to be given meaning. It appears to me that appellee was both a

"tenant" and "user" of the motel room. And if it be argued that appellee did not take up residence long enough to be a tenant, then he still must be considered a user. What other situation could the Legislature possibly have comprehended when it inserted the word "user" into §331?* I think the fact situation presented by this case clearly comes within the terms of the statute, that the self-limiting feature still retains its viability despite this interpretation, and that the Pennsylvania court had jurisdiction over appellee.

Mr. Chief Justice BELL joins in this opinion.

---

* This Court has defined "use" to be "the right to enjoy, hold or occupy and have the fruits thereof." *Philadelphia v. Merchant & Evans Co.*, 296 Pa. 126, 131, 145 Atl. 706, 707 (1929). A "user" must be one, therefore, who has these rights; no one would deny that appellee had the right to hold, occupy and enjoy this motel room.