## Layaou v. Blight

*Brendan Vanston*, for plaintiffs.
*E. Charles Coslett*, for defendants.

GARDNER, *P. J.*, August 12, 1975—This matter, before the court on preliminary objections[1] alleging that this court does not have personal jurisdiction over defendants, raises the question of whether the Act of July 1, 1937, P.L. 2665 (No. 525), sec. 1, 12 P.S. §106, allows venue of the above-captioned action in this court with substituted service[2] on defendants in Luzerne County, Pa. We hold that it does.

The act above cited provides:

"In cases where claims are made for damages arising from any accident or injury occurring upon real estate, the footways, sidewalks, and curbs adjacent thereto, it shall be lawful to commence an action for the recovery of damages in any court of record in the county wherein the real estate, footways, sidewalks, and curbs are located, and service of process may be made by the sheriff of the county in which the action is brought, by deputizing the sheriff of the county wherein the defendant resides or where service may be had upon such defendant under the existing laws of this Commonwealth, in

---

1. The court notes that the preliminary objections were timely filed, that defendants' brief was presented to the court by mail, sent on May 24, 1972. However, plaintiffs' brief was not forthcoming until July 8, 1975. As is indicated by the date of this opinion, we have placed this matter ahead of others because of its age, occasioned by delays which the court strongly condemns. It is situations such as this that convince this court of the efficacy of the "automatic listing system" which, since February 1, 1974, we now enjoy.

2. The record discloses deputized service of a summons in trespass (filed March 29, 1965) by the Sheriff of Luzerne County, Pa., on April 10, 1965. The complaint was filed January 27, 1972, and there is no record indication of its service. A return should be filed.

like manner as process may now be served in the proper county."

The complaint alleges that, on March 30, 1963, defendants were negligent, through their servant, agent or employe, in permitting, encouraging and directing minor plaintiff to play without supervision on wet grass outside of a dance studio situate in Tunkhannock, Wyoming County, Pa., which studio premises were leased and operated by defendants, as a result of which minor plaintiff allegedly slipped, fell and was injured.

Defendants submit that the leading, and sole, appellate decision interpreting the statute (Olson v. Kucenic, 389 Pa. 506, 510, 133 A. 2d 596 (1957)) provides that the act applies only "where the cause of action arose from a condition inherent in or incident to realty or from an owner's or possessor's acting or failing to act in respect of his realty . . ." With this, the court agrees. However, the court also agrees with plaintiffs' assertion that wet grass is a condition incident to realty, and the allegation of lack of supervision of minor plaintiff relates to action or failures to act in respect to realty; hence, the complaint is within the purview of the scrutinized act. Certainly, grass is realty, its wetness a condition, and defendants' alleged lack of attention to the possibilities of injury to a user falls within the concept of a failure to act with respect to the realty.

However, we are troubled by a deficiency in the complaint. Although it appears that both counsel have assumed that the allegations concern an incident occurring on realty possessed by defendants, the complaint does not clearly so state. The Act of 1937 applies to "his [defendants'] realty or the statutorily specified appurtenances": Olson v. Kucenic, supra. Hence, the complaint should be

amended, if consistent with fact, to allege that the site of the incident giving rise to the cause of action was realty possessed by defendants.

## ORDER

And now, August 12, 1975, for the reasons set forth in the foregoing opinion

It is ordered that the preliminary objection heretofore filed by defendants be and the same is hereby dismissed.

Plaintiffs are directed to amend their complaint within 20 days of notification of the filing of this order by the Prothonotary of Wyoming County consistent with the provisions of the last paragraph of this opinion having to do with the situs of the alleged accident.